

1  MARK T. ANDREWS
2  3436C MENDOCINO AVE
   SANTA ROSA, CA 95403
3  707-280-7425
   nottobetakenaway@live.com
4  Plaintiff  Pro Se

5

6

7

8

9          **UNITED STATES DISTRICT COURT**

10         **NORTHERN DISTRICT OF CALIFORNIA**

11 MARK ANDREWS;                    )  CASE NO: **CV 17 0252**
                                    )
12                                  )
       Plaintiff,                   )  COMPLAINT FOR DECLARATORY
13                                  )  JUDGMENT; FED.R.CIV.P. 8(a); and
                                    )  (57). TITLE 42 §1983; TITLE 42
14     vs.                          )  §1988
                                    )
15 CALIFORNIA DEPARTMENT OF         )
16 CONSUMERS AFFAIRS;               )
   SONOMA COUNTY DEPARTMENT         )
17 OF CHILD SUPPORT SERVICES;       )
   CALIFORNIA DEPARTMENT OF         )  DEMAND FOR TRIAL BY JURY
18 MOTOR VEHICLES;                  )
19 CALIFORNIA BUREAU OF             )
   AUTOMOTIVE REPAIR;               )
20 DOES 1 through 20;               )
21                                  )
                                    )
22     Defendant.                   )
23 _____ )

                        COMPLAINT
24
25     This is a federal question and complaint for declaratory adjudication brought

26 against State Agencies for violations of due process of the 5th and 14th

27 Amendments of the Constitution violating Plaintiff's Civil Rights Title 42 §1983.
28

# I.   PARTIES

1.   Plaintiff, MARK ANDREWS, is a resident of the City of Santa Rosa, County of Sonoma, State of California.

2.   Defendant, CALIFORNIA DEPARTMENT OF CONSUMERS AFFAIRS, (hereinafter DCA) are Agencies conducting their affairs within the State of California.

3.   Defendant, SONOMA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, (hereinafter DCSS) are Agencies conducting their affairs within the State of California.

4.   Defendant, CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, (hereinafter "DMV") are Agencies conducting their affairs within the State of California.

5.   Defendant, CALIFORNIA BUREAU OF AUTOMOTIVE REPAIR, (hereinafter "BAR") are Agencies conducting their affairs within the State of California.

# II. JURISDICTION

6.   This is an action for declaratory judgment pursuant to 28 U.S.C.A. § 2201, for the purpose of determining a question of actual controversy between the parties as more fully appears in this complaint.

7.      Jurisdiction of this action is based on Title 28, United States Code, § 1331(a) and federal question jurisdiction.

8.      Jurisdiction of this action is further based on Title 42, United State Code, §1983.

## III. STATEMENT OF FACTS

9.      Plaintiff, Mark Andrews, is a citizen of the United States who thus enjoys all the protection of State, Federal, and Constitutional Law. Plaintiff seeks, in this complaint, to exercise certain aspects and elements of the laws of which he is entitled.

10.      Plaintiff will allege hereinafter a violation of his constitutional due process rights, specifically but not exclusively his right to a fair hearing to determine the extent of his personal property rights to possess and enjoy his licensing privileges of the "BAR" and the "DMV" for his California driver's license. Each of these Licenses are his property as covered and defined by the 5th and the 14th Amendment.

11.      Furthermore, due process requires that before one is disciplined by deprival or abridgement of the right to engage in his business or profession, he be given reasonable notice of the charges against him, notice of the time and place of a hearing and thereafter a fair hearing on the charges.

12.    With both interim license suspensions and temporary restraining orders, an accusation must be filed on a date no further in the future than 30 days to ensure that the licensee is given all of the due process protections associated with administrative adjudications. (Bus. & Prof.Code, §125.7, subd. (d); Gov.Code, §11529, subd. (f); see generally Gov.Code, §11500 et seq). If an accusation is filed, a licensee is entitled to a hearing within 30 days and a decision within 15 days after the matter is submitted.

13.    In the present case Plaintiff was deprived of his opportunity for a fair hearing.

14.    Plaintiff receives notice from BAR dated May 19, 2013 stating license would be suspended effective June 23, 2013 pursuant to FC §17520 and DCSS order.

15.    Plaintiff receives notice from DMV dated June 14, 2013 stating license would be suspended effective July 14, 2013 pursuant to FC §17520 and DCSS order.

16.    Plaintiff sends letter of appeal on June 26, 2013 to Sonoma County DCSS office requesting an administrative hearing consistent with federal law and due process because Plaintiff holds a vested property right to both licenses ARD266612 (BAR) and A5419295 (DMV).

17.     DCSS holds multiple hearings to find Plaintiff in contempt of the court order. DCSS refuses to file appeal with the Office of Administrative Hearings. No appeal hearing is held violating Plaintiffs property and due process rights.

18.     On September 18, 2013 Plaintiff asks Commissioner Louise Bayles Fightmaster to return licenses. She incorrectly states that Plaintiff is not entitled to a hearing under the child support laws. She then states on the record that no one had received notice of any request for a hearing.

19.     Attorney Kirk Gorman for DCSS refused to inform the court that DCSS was in possession of appeal request letter dated June 26, 2013. Commissioner Louise Bayles Fightmaster then takes an oral motion for a hearing that was never held.

20.     FC §17520(6)(h) and FC §17520(6)(h)(2) set out the rules for an appeal hearing after request is made.

21.     Six more months go by with multiple hearings where Kirk Gorman tells Plaintiff and his attorney "if you want a hearing on the license suspension, file a motion".

22.     On February 19, 2014 finally after 8 months had passed, with Plaintiffs licenses suspended, DCSS attorney tells Plaintiff either pay full child support arrearage or stipulate to plea guilty to 3 counts of contempt, pay $500 now

and pay $125.00 per month and he will stay the jail time if monies are paid. DCSS attorney Kirk Gorman still refused to give Plaintiff a hearing on license suspension before the Office of Administrative Hearings.

23.    Attorney for Plaintiff C. Wallace Coppock told Plaintiff to get licenses back on February 19, 2014 to plead guilty now in stipulation and we could argue this issue of due process and the fraud upon the court committed by Commissioner Louise Bayles Fightmaster and Attorney Kirk Gorman. There Plaintiff stipulated under duress to get his licenses back. All to his legal and economic damage.

24.    DCSS even after stipulation did not release licenses for another 2 weeks until March 3, 2014 thus the Plaintiff was a victim of fraud upon the court and his constitutional rights to his property and due process of law.

25.    Commissioner Louise Bayles Fightmaster knew or should have known of FC §17520 and FC §17800 and by not returning the licenses on September 18, 2013 violated Plaintiffs property and due process rights. Thus committing a fraud upon the court.

26.    This is an action for violation of Civil Rights pursuant to 42 USC §1983. The Department of Child Support Services violated Plaintiff s constitutional rights by refusing to even hold an appeals hearing to which Plaintiff

was entitled to by law before taking Plaintiffs BAR license ADR266612 and DMV licnese A5419295 thus rendered Plaintiff unable to earn a living.

27.     Pursuant to 42 United States Code §1988 the DCSS should be held liable for Plaintiff. Attorney's fees and all costs in addition to all other damages awarded by the Court.

THEREFORE, plaintiff demands that

28.     The court enter a declaratory judgment that Plaintiff was unconstitutionally denied his due process rights to a fair hearing before the Defendants suspended and revoked his property rights to  a license to conduct business by the "BAR" and a license to drive a Motor Vehicle within California by the "DMV".

29.     For damages in the sum of $100,000,000.00 for violating Plaintiffs civil rights and due process protections.

30.     For Attorney's fees.

31.     For costs of suit and fees subject to proof.

32.     The court grants such other and federal relief as may be proper.

Dated: January 16, 2017                              Respectfully submitted,

Mark T. Andrews
Plaintiff Pro Se