```
Kimberly M, Drake, SBN: 209090
JARVIS, FAY, DOPORTO & GIBSON, LLP
492 Ninth Street, Suite 310
Oakland, CA 94607
Telephone: (510) 238-1400
Facsimile: (510) 238-1404
kdrake@jarvisfay.com

Attorneys for Defendant
LOUISE BAYLES-FIGHTMASTER
```

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANDREWS,<br><br>          Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS, SONOMA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, CALIFORNIA BUREAU OF AUTOMOTIVE REPAIR, LOUISE BAYLES FIGHTMASTER, KIRK GORMAN, KATHY SIMON, and DOES 1 through 20,<br><br>          Defendants. | **CASE NO. 17-CV-00252-WHO**<br><br>**DEFENDANT LOUISE BAYLES-FIGHTMASTER'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: July 19, 2017<br>Time: 2:00 p.m.<br>Courtroom: 2, 17th Floor<br>Judge: Hon. William H. Orrick<br><br>Action Filed: January 17, 2017 |

### NOTICE OF MOTION AND MOTION

TO PLAINTIFF MARK ANDREWS IN PRO PER:

PLEASE TAKE NOTICE that on July 19, 2017, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 2, 17th Floor of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant LOUISE BAYLES-FIGHTMASTER, who is sued for alleged actions she took during her tenure as a Commissioner for the Superior Court of California, County of Sonoma ("Commissioner Bayles-Fightmaster"), will and hereby does move this Court for an order granting dismissal of all claims alleged against her in the First Amended Complaint filed by

Plaintiff Mark Andrews on April 13, 2017.  The motion will be brought pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds this Court does not have subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine or on the grounds that the First Amended Complaint does not allege extraordinary circumstances warranting intervention by this Court in pending state court family law/child support proceedings implicating important state interests.  Because Plaintiff is suing Commissioner Bayles-Fightmaster for damages based upon alleged errors in her rulings, furthermore, Commissioner Bayles-Fightmaster is protected from Plaintiff's claims by absolute judicial immunity and his's claims are barred as a matter of law.  Plaintiff's claims are further barred by the applicable statute of limitations and by his failure to allege compliance with claim presentation requirements under the Government Claims Act.  Plaintiff also does not otherwise state a plausible claim upon which relief may be granted.

JARVIS, FAY, DOPORTO & GIBSON, LLP

Dated: May 16, 2017          By: /s/ .
                                  Kimberly M. Drake
                                  Attorneys for Defendant
                                  LOUISE BAYLES-FIGHTMASTER

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF FACTS ................................................................................................... 2

III. ARGUMENT ........................................................................................................................ 3

    A. Standard of Review .................................................................................................. 3

    B. This Court Lacks Subject Matter Jurisdiction to Review State Court Decisions ................................................................................................................... 4

    C. Eleventh Amendment Immunity Bars Plaintiff's Claims Against the Judicial Officer Who Adjudicated His Case ........................................................... 6

    D. Plaintiff's Damages Claims Against Commissioner Bayles-Fightmaster are Barred by Absolute Judicial Immunity ................................................................ 7

    E. Plaintiff's Claims Against Commissioner Bayles-Fightmaster are Barred by the Applicable Statute of Limitations ................................................................... 8

    F. The Complaint Does Not Otherwise State Any Plausible Claim Against Commissioner Bayles-Fightmaster ........................................................................... 9

    G. Plaintiff's State Law Claims Are Barred by the Government Claims Act ............ 9

IV. CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Agustin v. County of Alameda*
    234 Fed. Appx. 521 (9th Cir. 2007)...................................................................................5

*Amaral v. County of Los Angeles, et al.*
    2016 WL 4056299, *2 ..........................................................................................................5

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)............................................................................................................3

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007).......................................................................................................3, 4

*Bianchi v. Rylaarsdam*
    334 F.3d 895 (9th Cir. 2003) .............................................................................................4

*Bradley v. Fisher*
    80 U.S. 13 Wall. 335 (1872)..............................................................................................7

*Broughton v. Cutter Labs.*
    622 F.2d 458 (9th Cir. 1980) .............................................................................................4

*City of Los Angeles v. Lyons*
    461 U.S. 95 (1982)..............................................................................................................6

*District of Columbia Court of Appeals v. Feldman*
    460 U.S. 462 (1983)............................................................................................................5

*Duvall v. County of Kitsap*
    260 F.3d 1124 (9th Cir. 2001) .......................................................................................5, 7

*Emrich v. Touche Ross & Co.*
    846 F.2d 1190 (9th Cir.1988) ..........................................................................................11

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*
    544 U.S. 280 (2005)............................................................................................................4

*Forrester v. White*
    484 U.S. 219 (1988)............................................................................................................5

*Greater Los Angeles Council on Deafness, Inc.*
    812 F.3d 1103 (9th Cir. 1987) ...........................................................................................6

*Imbler v. Pachtman*
    424 U.S. 409 (1976).............................................................................................................7

*In re Gilead Scis. Sec. Litig.*
    536 F.3d 1049 (9th Cir. 2008) ..............................................................................4, 9

*Ivey v. Bd. of Regents of Univ. of Alaska*
    673 F.2d 266 (9th Cir. 1982) ........................................................................................4

*Jones v. Blanas*
    393 F.3d 913 (9th Cir. 2004) ........................................................................................8

*Jones v. Bock*
    549 U.S. 199 (2007) ......................................................................................................8

*Kougasian v. TMSL, Inc.*
    359 F.3d 1136 (9th Cir. 2004) ......................................................................................4

*Lee v. City of Los Angeles*
    250 F.3d 668 (9th Cir.2001) ......................................................................................11

*Lopez v. Smith*
    203 F.3d 1122 (9th Cir. 200) ........................................................................................4

*Lukovsky v. City and County of San Francisco*
    535 F.3d 1044 (9th Cir. 2008) ......................................................................................8

*Meek v. Cnty. of Riverside*
    183 F.3d 962 (9th Cir. 1999) ........................................................................................7

*Mireles v. Waco*
    502 U.S. 9 (1991) ..........................................................................................................7

*Moore v. Brewster*
    96 F.3d 1240 (9th Cir. 1996) ........................................................................................7

*Moore v. Sims*
    442 U.S. 415 (1979) ......................................................................................................5

*Noel v. Hall*
    341 F.3d 1148 (9th Cir. 2003) ......................................................................................4

*Noll v. Carlson*
    809 F.2d 1446 (9th Cir. 1987) ......................................................................................4

*O'Shea v. Littleton*
    414 U.S. 488 (1974) ......................................................................................................6

*Paul v. Davis*
    424 U.S. 693 (1976) ......................................................................................................9

*Pennhurst State School & Hospital v. Halderman*
    465 U.S. 89 (1984) ........................................................................................................6

*Pierson v. Ray*
  386 U.S. 547 (1967) .................................................................................................... 7

*Readylink Healthcare Inc., v. State Compensation Ins. Fund*
  754 F.3d 754 (9th Cir. 2014) ..................................................................................... 5

*Regents of the Univ. of Calif. v. Doe*
  519 U.S. 425 (1997) .................................................................................................... 6

*Sadorski v. Mosley*
  435 F.3d 1076 (9th Cir. 2006) ................................................................................... 7

*Safe Air For Everyone v. Meyer*
  373 F.3d 1035 (9th Cir. 2004) ................................................................................... 3

*Shaw v. California Dep't of Alcohol Beverage Control*
  788 F.2d 600 (9th Cir. 1986) ..................................................................................... 6

*Simmons v. Sacramento County Superior Court*
  318 F.3d 1156 (9th Cir. 2003) ................................................................................... 6

*Stump v. Sparkman*
  435 U.S. 349 (1978) ................................................................................................ 7, 8

*Usher v. City of Los Angeles*
  828 F.2d 556 (9th Cir. 1987) ..................................................................................... 4

*Wallace v. Kato*
  549 U.S. 384 (2007) .................................................................................................... 8

*Wolfe v. Strankman*
  392 F.3d 358 (9th Cir. 2004) ..................................................................................... 3

*World Famous Drinking Emporium, Inc. v. City of Tempe*
  820 F.2d 1079 (9th Cir. 1987) ................................................................................... 6

*Younger v. Harris*
  401 U.S. 37, 43-54 (1971) .......................................................................................... 5

**State Cases**

*City of Stockton v. Superior Court* (Civic Partners Stockton, LLC)
  42 Cal.4th 730 (2007) ............................................................................................... 10

*Howard v. Drapkin*
  222 Cal.App.3d 843 (1990) ....................................................................................... 8

*Loehr v. Ventura County Comm. College Dist.*
  147 Cal.App.3d 1071 (1983) ................................................................................... 10

*Shirk v. Vista Unified Sch. Dist.*
    42 Cal.4th 201 (2007) ................................................................................................10

**Federal Statutes**

United States Constitution
    Eleventh Amendment................................................................................................7, 8,

28 United States Code
    §§2201-2202 ..............................................................................................................6

42 United States Code
    §1983................................................................................................................. passim
    §1988(a) ......................................................................................................................8

Code of Civil Procedure
    §335.1 .........................................................................................................................8

**State Statutes**

California Constitution
    Art. VI §22 ..................................................................................................................8

California Civil Code
    §259............................................................................................................................10

California Family Code
    §§17520 et seq ...........................................................................................................1

California Government Code
    §811.2.........................................................................................................................10
    §811.9..........................................................................................................................7
    §905............................................................................................................................10
    §905.2.........................................................................................................................10
    §905.7.........................................................................................................................10
    §911.2.........................................................................................................................11
    §911.4.........................................................................................................................11
    §915(c) .......................................................................................................................10
    §945.4.........................................................................................................................10
    §946.6.........................................................................................................................11
    §72190..........................................................................................................................8

**Rules**

Federal Rules of Civil Procedure
    Rule 12(b) .........................................................................................................3, 5, 8, 9

Federal Rules of Evidence
    Rule 201 .....................................................................................................................11

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff is a party to a dissolution action and family law/child support proceedings brought in the Superior Court of California, County of Sonoma.  (*Andrews v. Andrews,* Case No. SFL15804.)  As best as can be discerned from the pleadings, a judgment or order for child or family support was issued against Plaintiff.  Plaintiff failed to comply with the judgment or order.  Following intervention in the case by the local child support services agency, and further orders, Plaintiff allegedly received notice from two licensing boards that his license would be suspended pursuant to California Family Code section 17520 et seq.

Defendant Louise Bayles-Fightmaster is sued in her role as a Commissioner for the Superior Court who presided over Plaintiff's state court case.  The remaining allegations are asserted against other government entities and individuals who were involved in the state court proceedings or other proceedings relating to Plaintiff's licenses.

Based on generalized allegations of civil rights violations in connection with the suspension of his licenses, Plaintiff seeks declaratory relief and $100 million in damages.

Commissioner Bayles-Fightmaster now moves to dismiss the First Amended Complaint for lack of subject matter jurisdiction and failure to state a claim.  This Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine. Alternatively, the Court should dismiss the claims in favor of abstention.  Plaintiff's claims against Commissioner Bayles-Fightmaster are also barred as a matter of law because they are based exclusively upon allegations that Commissioner Bayles-Fightmaster erred in adjudicating Plaintiff's case on September 18, 2013, and absolute judicial immunity extends to her judicial acts and protects her from Plaintiff's claims.  Plaintiff's claims are further barred by the applicable statute of limitations.  Any purported state law claims are further barred on the grounds that Plaintiff did not allege compliance with applicable claims statute and cannot amend his complaint to truthfully allege compliance because there is no record of a claim from him and the time to present a claim has expired.  Finally, Plaintiff does not otherwise state a plausible claim for relief against Commissioner Bayles-Fightmaster.  The allegations do not support a federal claim for damages under 42 U.S.C. § 1983.  Furthermore, there are no allegations of a present and actual controversy

warranting declaratory relief. Accordingly, Commissioner Bayles-Fightmaster respectfully requests an order granting her motion to dismiss the First Amended Complaint without leave to amend.

## II. STATEMENT OF FACTS

Plaintiff Mark Andrews sues the California Department of Consumer Affairs, the Sonoma County Department of Child Support Services, the California Department of Motor Vehicles, the California Bureau of Automotive Repair, Louise Bayles-Fightmaster, Kirk Gorman, and Kathy Simon. Plaintiff asserts that defendants are liable for violating state laws and depriving Plaintiff of his property and due process rights under 42 U.S.C. § 1983. (FAC, p. 2, and ¶¶ 11, 13, 31-32.) The alleged property rights at stake are a license issued by the California Bureau of Automotive Repair and a California Driver's License issued by the California Department of Motor Vehicles. (FAC, ¶¶ 5, 6, 34.) The alleged due process violations occurred when defendants allegedly suspended or revoked his licenses, and during proceedings held on September 18, 2013 and February 19, 2014, up until Plaintiff's licenses were allegedly released to him on March 3, 2014. (FAC, ¶¶ 21-28.)

Defendant Louise Bayles-Fightmaster is a Commissioner for the Superior Court of California, County of Sonoma. She is sued for alleged actions taken in her official capacity as a Superior Court Commissioner. (FAC, ¶ 6.)

All of the allegations asserted against Commissioner Bayles-Fightmaster relate to her adjudicative activities at a hearing on September 18, 2013 and possibly one on February 19, 2014. (FAC, ¶¶ 21-31.) According to the First Amended Complaint, Plaintiff appeared in front of Commissioner Bayles-Fightmaster on September 18, 2013 requesting that his license from the California Bureau of Automotive Repair and driver's license with the California Department of Motor Vehicles be returned to him. (FAC, ¶¶ 4, 5, 17, 18, 21.) Commissioner Bayles-Fightmaster allegedly notified Plaintiff that the hearing had not been properly noticed and/or that he was not entitled to a hearing "under the child support laws." (FAC, ¶ 21.) Commissioner Bayles-Fightmaster decided to hear oral argument. (FAC, ¶ 22.) She then allegedly denied Plaintiff's request that his licenses be returned to him. (FAC, ¶ 29.)[1] Plaintiff states that her ruling was incorrect and that she disregarded or

---

[1] On September 18, 2013, Commissioner Bayles-Fightmaster who was presiding over the child support contempt calendar. On February 19, 2014, Plaintiff appeared before Commissioner Bayles-Fightmaster

failed to apply state laws and violated the constitution. (FAC, ¶¶ 21, 29-31.)

Based on these allegations, Plaintiff requests that the Court "enter a declaratory judgment that Plaintiff was unconstitutionally denied his due process rights to a fair hearing before the Defendants suspended and revoked his property rights to a license to conduct business…and a license to drive a Motor Vehicle…." (FAC, ¶ 34.) He also requests damages in the sum of $100 million for civil rights violations. (FAC, ¶ 35.)

### III.   ARGUMENT

The Court should grant Commissioner Bayles-Fightmaster's motion to dismiss without leave to amend for several reasons.

#### A.   Standard of Review[2]

Under Federal Rule of Civil Procedure section 12(b)(1), a district court must dismiss a complaint if the court does not have jurisdiction over it. In reviewing a "facial" jurisdictional attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air For Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve this challenge, the court assumes the allegations in the complaint are true and draws all reasonable inferences in favor of the party opposing dismissal. *Wolfe,* 392 F.3d at 362.Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly,* 550

---

again, on the same calendar, and allegedly admitted to three counts of contempt and paid $500.00 "to get his licenses back." (FAC, ¶¶ 26-27.) Plaintiff further alleges that his licenses were released to him on March 3, 2014. (FAC, ¶ 28.)

[2] The standard of review is quoted from an order of this Court issued in another case. *See Cunningham v. McKay et al.,* Case No. 13-cv-04627-WHO, Dkt. No. 94, at pp. 3-4.

U.S. at 555. Pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982). In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008).

Denial of leave to amend is proper if it is absolutely clear that the deficiencies of the complaint could not possibly be cured by the allegation of other facts or by amendment. *See Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 200); *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir. 1980).

### B. This Court Lacks Subject Matter Jurisdiction to Review State Court Decisions

The *Rooker-Feldman* doctrine prevents federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *See e.g., Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1139 (9th Cir. 2004); *Noel v. Hall,* 341 F.3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.").

The doctrine "bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate [his] claims." *Bianchi v. Rylaarsdam,* 334 F.3d 895, 901 (9th Cir. 2003) (quotation omitted); *see also Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284 (2005) (*Rooker-Feldman* bars cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district proceedings commenced and inviting district court review and rejection of those judgments).

A district court's lack of jurisdiction also extends to issues that are "inextricably intertwined" with the de facto appeal. *Noel,* 341 F.3d at 1157-58. For instance, claims are inextricably intertwined when the district court must scrutinize both a challenged statute or rule and the state court's application

of that statute or rule. *Id.* at 1158. If the claims are inextricably intertwined, then the district court is in essence being called upon to review the state court decision. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 483-84 n.16 (1983).

In his First Amended Complaint filed on April 13, 2017, Plaintiff complains that Commissioner Bayles-Fightmaster did not correctly apply state law and claims that she erred when she denied his request for the return of his licenses at a hearing in 2013. (FAC, ¶¶ 21, 29-31.) Plaintiff seeks relief from the state court judgment based on Commissioner Bayles-Fightmaster's decision. (FAC, ¶¶ 29-31, 34.) Plaintiff's challenges are barred from this Court by the *Rooker-Feldman* doctrine. Plaintiff could have pressed these challenges in the state court. They were also appropriately asserted on direct appeal from the challenged orders.[3] Accordingly, this Court should dismiss Plaintiff's claims against Commissioner Bayles-Fightmaster for lack of subject matter jurisdiction under Rule 12(b)(1).

If *Rooker-Feldman* does not apply because the state court proceedings are not concluded, Commissioner Bayles-Fightmaster alternatively submits that principles of comity and federalism prevent this Court from interfering with ongoing state court proceedings absent extraordinary circumstances not alleged in the First Amended Complaint. *See Amaral v. County of Los Angeles, et al.,* 2016 WL 4056299, *2 (citing *Younger v. Harris,* 401 U.S. 37, 43-54 (1971)). *Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding: (2) the state proceeding "implicates important state interests"; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Id.* (citing *Readylink Healthcare Inc., v. State Compensation Ins. Fund,* 754 F.3d 754, 758 (9th Cir. 2014)). The pending state court family law/child support proceedings implicate important state interests. *Id.* (citing *Moore v. Sims,* 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *Agustin v. County of Alameda,* 234 Fed. Appx. 521, 522 (9th Cir. 2007) (state efforts to collect child support implicate important state interests for purposes of *Younger* abstention)). Plaintiff also had an adequate opportunity to present his constitutional claims in the state trial and/or appellate court. *Id.* (citing *World Famous Drinking Emporium, Inc. v. City of Tempe,* 820 F.2d 1079, 1083 (9th

---

[3] See *Duvall v. County of Kitsap,* 260 F.3d 1124, 1144 (9th Cir. 2001) (citing *Forrester v. White,* 484 U.S. 219, 227 (1988)). See discussion, *infra,* related to absolute judicial immunity.

Cir. 1987)). Plaintiff has not alleged any facts warranting intervention by this Court.[4] This Court may properly dismiss the First Amended Complaint on abstention grounds.

### C. Eleventh Amendment Immunity Bars Plaintiff's Claims Against the Judicial Officer Who Adjudicated His Case

Plaintiff's claims against Commissioner Bayles-Fightmaster are barred based on Eleventh Amendment immunity. The Supreme Court has judicially extended the reach of Eleventh Amendment sovereign immunity to bar federal courts from deciding virtually any case in which a state or an "arm of the state" is a defendant—even when jurisdiction is predicated upon a federal question—unless Congress expresses to the contrary or a state has affirmatively consented to suit. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 99-100 (1984); *Regents of the Univ. of Calif. v. Doe,* 519 U.S. 425, 429-31 (1997) (The Eleventh Amendment deprives federal courts of jurisdiction over private suits against a state, an "arm of the state," its instrumentalities, or its agencies); *Shaw v. California Dep't of Alcohol Beverage Control,* 788 F.2d 600, 603 (9th Cir. 1986) (suits against a state and their agencies are barred by the Eleventh Amendment).

Sovereign immunity extends to suits against a California Superior Court. *See, e.g., Greater Los Angeles Council on Deafness, Inc.,* 812 F.3d 1103, 1110 (9th Cir. 1987) ("[A] suit against the Superior Court is a suit against the State, barred by the Eleventh Amendment"); *Simmons v. Sacramento County Superior Court,* 318 F.3d 1156, 1161 (9th Cir. 2003) (plaintiff could not state a claim against Sacramento Superior Court because such a suit is barred by the Eleventh Amendment).

Judicial officers who preside over cases in the Superior Court are similarly protected because a state's immunity under the Eleventh Amendment extends to judicial officers acting in their official capacities. *See Pennhurst,* 465 U.S. at 117, 121; *Simmons,* 318 F.3d at 1161. Commissioner Bayles-

---

[4] To the extent Plaintiff alleges that the licenses at issue in the First Amended Complaint were released to him on March 3, 2014 (FAC, ¶ 28), it is difficult to discern whether Plaintiff has standing to pursue a claim for declaratory relief. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *See e.g., City of Los Angeles v. Lyons,* 461 U.S. 95, 101 (1982) (citations omitted); *see also O'Shea v. Littleton,* 414 U.S. 488, 499, 502 (1974); 28 U.S.C. §§ 2201-2202. Here, it does not appear Plaintiff can allege an actual case or controversy for declaratory relief, or an adequate basis for equitable relief.

Fightmaster is an officer of the state of California. Cal. Gov. Code § 811.9 ("Notwithstanding any other provision of law, judges, subordinate judicial officers, and court executive officers of the superior courts are state officers…."). Under the Eleventh Amendment, therefore, this Court lacks jurisdiction over Plaintiff's claims against Commissioner Bayles-Fightmaster based upon her alleged statements or decisions while presiding over Plaintiff's case.

### D. Plaintiff's Damages Claims Against Commissioner Bayles-Fightmaster are Barred by Absolute Judicial Immunity

The First Amended Complaint's factual allegations concern statements or decisions made by Commissioner Bayles-Fightmaster, who presided over Plaintiff's child support case. *See, e.g.,* FAC, ¶¶ 21-31.) All of the described acts or omissions undertaken by Commissioner Bayles-Fightmaster are quintessentially judicial acts that were performed while she was acting in an adjudicatory capacity for which she is absolutely immune from suit.

A state judge is absolutely immune from civil liability for damages for acts performed in her capacity. *Pierson v. Ray,* 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983); *Meek v. Cnty. of Riverside,* 183 F.3d 962, 965 (9th Cir. 1999) (citing *Mireles v. Waco,* 502 U.S. 9, 10 (1991).) This immunity extends to court commissioners and other judicial officers who act in a judicial capacity. *See, e.g., Imbler v. Pachtman,* 424 U.S. 409, 430 (1976).

Whether an act by a judge is a judicial one relates to (1) the nature and function of the act and not the act itself, i.e., whether it is a function normally performed by a judge, and (2) the expectations of the parties, i.e., whether they dealt with the judge in her judicial capacity. *Stump v. Sparkman,* 435 U.S. 349, 362 (1978); *see also Duvall v. County of Kitsap,* 260 F.3d 1124, 1133 (9th Cir. 2001). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump,* 435 U.S. at 356-57 (citing *Bradley v. Fisher,* 80 U.S. 13 Wall. 335, 351 (1872)); *Sadorski v. Mosley,* 435 F.3d 1076, 1079 n.2 (9th Cir. 2006) (mistake alone is not sufficient to deprive a judge of absolute immunity); *see also Moore v. Brewster,* 96 F.3d 1240, 1243-44 (9th Cir. 1996) (judicial immunity extends to declaratory and other equitable relief), *superseded by statute on other grounds.* Absolute judicial immunity is also well-recognized under California law. *See e.g.,*

1  *Howard v. Drapkin,* 222 Cal.App.3d 843, 851 (1990) (Absolute judicial immunity "bars civil actions
2  against judges for acts performed in the exercise of their judicial functions and it applies to all judicial
3  determinations, including those rendered in excess of the judge's jurisdiction, no matter how erroneous
4  or even malicious or corrupt they may be.").

5  Commissioner Bayles-Fightmaster is a judicial officer under California authorities.  Cal. Const.,
6  art. VI, § 22; Cal. Gov. Code § 72190; Cal. Civ. Code § 259.  All of Plaintiff's claims asserted against
7  Commissioner Bayles-Fightmaster arise out rulings she made in adjudicating Plaintiff's case.  Plaintiff's
8  own factual allegations confirm that Commissioner Bayles-Fightmaster was acting in her judicial
9  capacity because he complains solely about her rulings on matters before her and other quintessential
10 judicial acts.  Commissioner Bayles-Fightmaster is protected from Plaintiff's claims by absolute judicial
11 immunity.  Plaintiff's generalized allegations of "fraud" and denial of a "fair hearing" do not overcome
12 this immunity.  *Stump,* 435 U.S. at 356-57.  Accordingly, Plaintiff's damages claims against
13 Commissioner Bayles-Fightmaster are barred as a matter of law and should be dismissed.

14       **E.**       **Plaintiff's Claims Against Commissioner Bayles-Fightmaster are Barred by the Applicable Statute of Limitations**
15

16 Where the facts and dates alleged in the complaint indicate the claim is barred by the statute of
17 limitations, a motion to dismiss is appropriate.  *Jones v. Bock,* 549 U.S. 199, 215 (2007).

18 The applicable statute of limitations bars Plaintiff's purported 42 U.S.C. § 1983 claims for relief
19 and any supplemental state law claims, warranting dismissal under Rule 12(b)(6).  For a claim under 42
20 U.S.C. § 1983, a court "appl[ies] the forum state's statute of limitations for personal injury actions[.]"
21 *Jones v. Blanas,* 393 F.3d 918, 927 (9th Cir. 2004); *see also Wallace v. Kato,* 549 U.S. 384, 387 (2007)
22 (applying state law of limitations); 42 U.S.C. § 1988(a).  In California, at the time Plaintiff filed his case,
23 the statute of limitations for personal injury actions was two years. (Code Civ. Proc. § 335.1.)  The
24 statute of limitations for a 42 U.S.C. § 1983 claim begins to run on the date on which the plaintiff's
25 claim "accrues" (*Lukovsky v. City and County of San Francisco,* 535 F.3d 1044, 1048 (9th Cir. 2008)),
26 which is determined by federal law.  *Wallace,* 549 U.S. at 388.  Under federal law, accrual occurs when
27 the plaintiff has a complete and present cause of action and may file a suit to obtain relief.  *Id.; see also*
28 *Lukovsky,* 535 F.3d at 1050.

The allegations in the First Amended Complaint relate to rulings Commissioner Bayles-Fightmaster made at a hearing held on September 18, 2013 and possibly a hearing held on February 19, 2014. (FAC, ¶¶ 21-31.) Plaintiff filed his original complaint in this action on January 17, 2017. (Dkt. No. 1.) He added Commissioner Bayles-Fightmaster to his First Amended Complaint filed on April 13, 2017. (Dkt. No. 8.) For any claims arising out of Commissioner Bayles-Fightmaster's objectionable rulings in 2013 and 2014, Plaintiff's lawsuit was filed in excess of two year after accrual of any purported cause of action. His claims should therefore be dismissed under Rule 12(b)(1) as barred by the applicable statute of limitations.

### F. The Complaint Does Not Otherwise State Any Plausible Claim Against Commissioner Bayles-Fightmaster

The First Amended Complaint does not include any claims relating to Commissioner Bayles-Fightmaster outside of her adjudicatory activities in Plaintiff's case. As stated above, those claims are barred as a matter of law.

Furthermore, there are no facts establishing how Commissioner Bayles-Fightmaster deprived Plaintiff of a federal right. 42 U.S.C. § 1983. Although Plaintiff offers generalized allegations of "fraud," and claims violations of state law and of his property and due process rights, his allegations are unsupported by facts. The Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead, supra,* 536 F.3d at 1055. Alleged violation of state law does not necessarily mean that federal rights have been invaded. *See, e.g.,* See *Paul v. Davis,* 424 U.S. 693, 699-700 (1976). Further, Plaintiff's allegations that his licenses were returned following notice and one or more hearings tend to contradict his blanket statements of wrongdoing. Thus, even under a liberal construction, the First Amended Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

### G. Plaintiff's State Law Claims Are Barred by the Government Claims Act

Plaintiff asserts that Commissioner Bayles-Fightmaster violated existing laws of the state and constitution and purportedly seeks damages against her based on state law. (FAC, ¶ 31.) Any such claims, however, are barred because Plaintiff has failed to allege that he complied with the claim presentation requirements of California's Government Claims Act.

1  Under California law, except for enumerated exceptions not applicable here, "no suit for money
2  or damages may be brought against a public entity on a cause of action for which a claim is required to
3  be presented…until a written claim therefore has been presented to the public entity and has been acted
4  upon by the board, or has been deemed to have been rejected by the board…." *State of California v.*
5  *Superior Court (Bodde),* 32 Cal.4th 1234, 1239 (2004); Cal. Gov. Code §§ 905, 945.4.  Failure to timely
6  present a claim under the Government Claims Act bars a plaintiff from filing a lawsuit against that
7  entity.  Cal. Gov. Code § 945.4; *Bodde,* 32 Cal.4th at 1239.  The timely presentation of a claim is not
8  merely a procedural requirement, it is an actual "element of the plaintiff's cause of action."  *Shirk v.*
9  *Vista Unified Sch. Dist.,* 42 Cal.4th 201, 209 (2007).  As such, in the complaint, the plaintiff "must
10 allege facts demonstrating or excusing compliance with the claim presentation requirement.  Otherwise,
11 his complaint … fail[s] to state facts sufficient to constitute a cause of action."  *Bodde,* 32 Cal.4th at
12 1243; *see also Shirk,* 42 Cal.4th at 209.

13 The claim presentation requirement applies to all actions in which recovery of money or
14 damages is sought, including tort claims arising out of negligence, breach of statutory duties, intentional
15 wrongs, and contract actions.  Cal. Gov. Code § 905; *Loehr v. Ventura County Comm. College Dist.,*
16 147 Cal.App.3d 1071, 1079 (1983); *City of Stockton v. Superior Court (Civic Partners Stockton, LLC),*
17 42 Cal.4th 730, 738-39 (2007).  The requirement also applies to suits against judicial branch entities,
18 such as the California Superior Courts, as well as their judicial officers.  Cal. Gov. Code §§ 811.2,
19 905.2, 905.7, 915(c)(1).

20 Plaintiff's First Amended Complaint does not allege compliance with claim presentation
21 requirements under the Government Claims Act.  He therefore fails to state a claim for damages against
22 Commissioner Bayles-Fightmaster.  Nor can Plaintiff amend his First Amended Complaint to truthfully
23 allege compliance for any claims accruing in 2013 and 2014 because the Superior Court's records do not
24 contain a claim from Plaintiff relating to the allegations in the First Amended Complaint, and the six-
25 month deadline in which to present a claim has expired.[5]  Cal. Gov. Code §§ 911.2, 911.4, 946.6;

---

27 [5] A governmental entity may request that the Court take judicial notice that the public entity's records
    do not show compliance.  *See Gong v. City of Rosemead,* 226 Cal.App.4th 363, 376 (2014).  A district
28 court may take judicial notice of "matters of public record."  *Lee v. City of Los Angeles,* 250 F.3d 668,
    689 (9th Cir.2001) (internal quotation marks omitted); *see also Emrich v. Touche Ross & Co.,* 846 F.2d

*Bodde,* 32 Cal.4th at 1239.  This is fatal to Plaintiff's claims against Commissioner Bayles-Fightmaster and on this additional ground Plaintiff's claims against her should be dismissed.

### IV.   CONCLUSION

For all the foregoing reasons, this Court should grant Commissioner Bayles-Fightmaster's motion to dismiss the First Amended Complaint.  Plaintiff has previously amended the complaint and further amendment would be futile because the pleadings are based on alleged conduct that cannot support subject matter jurisdiction and that can never support liability owing to the doctrine of absolute judicial immunity and the applicable statute of limitations.  This Court therefore has discretion to deny and should deny leave to amend.

JARVIS, FAY, DOPORTO & GIBSON, LLP

Dated: May 16, 2017            By:           /s/                         .
                                   Kimberly M. Drake
                                   Attorneys for Defendant
                                   LOUISE BAYLES-FIGHTMASTER

---

1190, 1198 (9th Cir.1988) ("[T]he court may properly look beyond the complaint only to items in the record of the case or to matters of general public record."); Fed. R. Evid. 201.

# CERTIFICATE OF SERVICE

I, the undersigned, declare as follows:

I am a citizen of the United States and employed in the County of Alameda; I am over the age of eighteen years and not a party to the within entitled action; my business address is Jarvis, Fay, Doporto & Gibson, LLP, 492 Ninth Street, Suite 310, Oakland, California 94607.

On May 16, 2017, I served the within:

**DEFENDANT LOUISE BAYLES-FIGHTMASTER'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

(X)  (By First Class Mail) I caused this envelope, with postage thereon fully prepaid, to be placed in the United States mail to be mailed by First Class mail at Oakland, California, to:

**Mark T. Andrews**
**3436C Mendocino Avenue**
**Santa Rosa, CA 95403**

*Plaintiff in pro per*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 16, 2017, at Oakland, California.

/s/
Chelsea L. Torres