| | |
|---|---|
| Kimberly M, Drake, SBN: 209090<br>JARVIS, FAY, DOPORTO & GIBSON, LLP<br>492 Ninth Street, Suite 310<br>Oakland, CA 94607<br>Telephone: (510) 238-1400<br>Facsimile: (510) 238-1404<br>kdrake@jarvisfay.com<br><br>Attorneys for Defendant<br>LOUISE BAYLES-FIGHTMASTER | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANDREWS,<br><br>        Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS, SONOMA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, CALIFORNIA BUREAU OF AUTOMOTIVE REPAIR, LOUISE BAYLES FIGHTMASTER, KIRK GORMAN, KATHY SIMON, and DOES 1 through 20,<br><br>        Defendants. | **CASE NO. 17-CV-00252-WHO**<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT LOUISE BAYLES-FIGHTMASTER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: July 19, 2017<br>Time: 2:00 p.m.<br>Courtroom: 2, 17th Floor<br>Judge: Hon. William H. Orrick<br><br>Action Filed: January 17, 2017 |

On July 19, 2017, the Court heard oral argument on defendant Commissioner Louise Bayles-Fightmaster's motion to dismiss. Having considered the papers submitted and arguments made, and for the reasons discussed below, the Court GRANTS the motion to dismiss WITHOUT LEAVE TO AMEND.

## BACKGROUND

Plaintiff Mark Andrews is a party to a dissolution action and family law/child support proceedings brought in the Superior Court of California, County of Sonoma. (*Andrews v. Andrews,* Case No. SFL15804.) As best as can be discerned from the pleadings, a judgment or order for child or

family support was issued against Plaintiff. Plaintiff failed to comply with the judgment or order. Plaintiff allegedly received notice from two licensing boards notifying him that his license would be suspended pursuant to California Family Code section 17520 et seq. According to the pleadings, Plaintiff appeared at a hearing in the state court in September 2013 requesting that his licenses be released to him, which was denied. He appeared at another hearing in February 2014 and his licenses were released to him in March 2014.

Defendant Louise Bayles-Fightmaster is sued in her role as a Commissioner for the Superior Court who presided over a child custody contempt calendar and made rulings in Plaintiff's case. The remaining allegations are asserted against other government entities and individuals who were involved in the state court proceedings or other proceedings relating to Plaintiff's licenses.

Based on generalized allegations of civil rights violations in connection with the suspension of his licenses, Plaintiff seeks declaratory relief and $100 million in damages against defendants.

**ANALYSIS**

The Court finds that it lacks subject matter jurisdiction on any of the grounds urged by Plaintiff under 42 U.S.C. § 1983 because such official-capacity suits against state officials such as Commissioner Bayles-Fightmaster are barred by the Eleventh Amendment to the United States Constitution (U.S. Const. amend. XI; *See Kentucky v. Graham,* 472 U.S. 159, 169-70 (1985)). Nor is Commissioner Bayles-Fightmaster a proper party to a 42 U.S.C. § 1983 action. *Wolfe v. Strankman,* 392 F.3d 358, 364-65 (9th Cir. 2004).

The Court further finds that it lacks subject matter jurisdiction because the First Amended Complaint challenges prior state court decisions in 2013 and 2014 and, as such, is barred by the *Rooker-Feldman* doctrine. Alternatively, this Court declines to intervene in ongoing state court child custody proceedings based upon abstention doctrines and the absence of allegations warranting such interference.

The Court further finds that the First Amended Complaint rests entirely on allegations that Commissioner Bayles-Fightmaster performed adjudicative acts for which she is entitled to absolute judicial immunity from suit and civil damages liability.

The Court further finds that Plaintiff's First Amended Complaint filed in 2017, arising out of

Commissioner Bayles-Fightmaster's adjudicative activities in 2013 and 2014, is barred by the applicable statute of limitations.

Any state law claims are further barred on the grounds that Plaintiff did not allege compliance with applicable claims statutes. The Court further declines to exercise supplemental jurisdiction in order to reach and entertain any purported state law claims against Commissioner Bayles-Fightmaster.

Plaintiff does not otherwise state facts sufficient to state a plausible claim upon which relief may be granted against Commissioner Bayles-Fightmaster. Nor are there allegations establishing a present and actual controversy to support a claim for declaratory relief.

## CONCLUSION

For all of the foregoing reasons, Commissioner Bayles-Fightmaster's motion to dismiss the First Amended Complaint is GRANTED. Because this Court has determined that the defects identified in this Order would not be cured by amendment, the Court grants the motion WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: _____

WILLIAM H. ORRICK
United States District Judge

# CERTIFICATE OF SERVICE

I, the undersigned, declare as follows:

I am a citizen of the United States and employed in the County of Alameda; I am over the age of eighteen years and not a party to the within entitled action; my business address is Jarvis, Fay, Doporto & Gibson, LLP, 492 Ninth Street, Suite 310, Oakland, California 94607.

On May 16, 2017, I served the within:

**[PROPOSED] ORDER GRANTING DEFENDANT LOUISE BAYLES-FIGHTMASTER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

(X) (By First Class Mail) I caused this envelope, with postage thereon fully prepaid, to be placed in the United States mail to be mailed by First Class mail at Oakland, California, to:

**Mark T. Andrews**
**3436C Mendocino Avenue**
**Santa Rosa, CA 95403**

*Plaintiff in pro per*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 16, 2017, at Oakland, California.

/s/
Chelsea L. Torres