BRUCE D. GOLDSTEIN #135970
County Counsel
JOSHUA A. MYERS #250988
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105A
Santa Rosa, California 95403
Telephone: (707) 565-2421
Facsimile: (707) 565-2624
E-mail: joshua.myers@sonoma-county.org

Attorneys for Defendants
SONOMA COUNTY DEPARTMENT OF
CHILD SUPPORT SERVICES; KIRK GORMAN;
and KATHY SIMON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANDREWS,<br><br>    Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS, et al.<br><br>    Defendants.<br>_____ / | **Case No. 17-cv-00252-WHO**<br><br>**DEFENDANT SONOMA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, KIRK GORMAN and KATHY SIMON'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        July 19, 2017<br>Time:        2:00 p.m.<br>Courtroom: 2, 17th Floor<br>Judge:       Hon. William H. Orrick |

TO PLAINTIFF MARK ANDREWS, IN PRO PER, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on July 19, 2017, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California, Defendants SONOMA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, KIRK GORMAN, and KATHY SIMON (collectively "County Defendants") will and hereby do move this Court for an

order granting dismissal of the First Amended Complaint filed on April 13, 2017, by Plaintiff Mark Andrews.

This Motion to Dismiss is brought pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) & (6), for dismissal of the complaint is warranted based on the following separate and independent grounds:

**STATEMENT OF ISSUES**

(A) Whether either or both the *Rooker-Feldman* Doctrine and/or the *Younger* Abstention Doctrine prohibit federal court jurisdiction over this lawsuit?

(B) Whether the lawsuit is barred by the applicable statutes of limitations?

(C) Whether the lawsuit are barred by the doctrine of res judicata or collateral estoppel?

(D) Whether Defendant Gorman has absolute immunity from Plaintiff's claims?

(E) Whether Plaintiff pled sufficient facts to state a cause of action for *Monell* liability against the Sonoma County Department of Child Support Services?

(F) Whether Plaintiff pled sufficient facts to state a cause of action against Defendant Simon.

This Motion to Dismiss is based on the attached Memorandum of Points and Authorities in support thereof, the accompanying Request for Judicial Notice, the papers and pleadings on file herein, and on such further arguments or evidence as may be presented prior to adjudication of the motion.

Dated: May 19, 2017                 BRUCE D. GOLDSTEIN, County Counsel

                                       By: /s/ Joshua A. Myers
                                             Joshua A. Myers
                                             Deputy County Counsel
                                             Attorneys for Defendants
                                             SONOMA COUNTY DEPARTMENT
                                             OF CHILD SUPPORT SERVICES;
                                             KIRK GORMAN; KATHY SIMON

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION ............................................................................................ 8

II. STATEMENT OF THE CASE ....................................................................... 8

III. FRCP 12 MOTION TO DISMISS STANDARDS .................................... 10

IV. LEGAL ANALYSIS ..................................................................................... 11

    A. Federal Jurisdiction of Plaintiff's FAC is Barred ............................ 11

        1. The *Rooker-Feldman* Doctrine ............................................. 11

        2. *Younger* Abstention ............................................................... 12

    B. Statute of Limitations ................................................................. 14

    C. Res Judicata and Collateral Estoppel ............................................. 15

    D. Defendant Gorman Has Absolute Immunity from Plaintiff's Claims ........................................................................ 16

    E. FAC Fails to Allege Facts Sufficient to State a Cause of Action Against the County under *Monell* Liability ...................... 17

    F. FAC Fails to Allege Sufficient Facts to Support a Cognizable Legal Theory Against Defendant Kathy Simon ........... 19

V. CONCLUSION .............................................................................................. 19

# TABLE OF AUTHORITIES

**Cases**

*Allen v. McCurry*
    449 U.S. 90 (1980) .................................................................................. 15

*Amaral v. County of Los Angeles*
    U.S. Dist. Ct., Central Dist. of Cal., (2016 U.S. Dist. LEXIS 104421) ...... 13

*Arpin v. Santa Clara Valley Transp. Agency*
    261 F.3d 912 (9th Cir. 2001) .................................................................... 14

*Ashoff v. City of Ukiah*
    130 F.3d 409 (9th Cir. 1997) .................................................................... 10

*Ashcroft v. Iqbal*
    129 S.Ct. 1937 (2009) ............................................................................... 10

*Agustin v. Count of Alameda*
    234 Fed.App'x 521 (9th Cir. 2007) ........................................................... 13

*Barren v. Harrington*
    152 F.3d 1193 (9th Cir. 1998) .................................................................. 19

*Bell Atlantic v. Twombly*
    550 U.S. 544 (2007) .......................................................................... 10, 17

*Bender v. Williamsport Area School Dist.*
    475 U.S. 534 (1986) ................................................................................. 11

*Bianchi v. Rylaarsdam*
    334 F.3d 895 (9th Cir. 2003) .................................................................... 11

*Broughton v. Cutter Labs*
    622 F.2d 458 (9th Cir. 1980) .................................................................... 11

*Busch v. Torres*
    905 F.Supp. 766 (C.D. Cal. 1995) ............................................................ 11

*C.D. Anderson & Co., Inc. v. Lemos*
    832 F.2d 1097 (9th Cir. 1987) .................................................................. 15

*Chen-Cheng Wang ex rel. United States v. FMC Corp.*
    975 F.2d 1412 (9th Cir. 1992) .................................................................. 11

*City of Canton v. Harris*
    489 U.S. 378 (1989) ................................................................................. 18

*Clark v. Yosemite Community College Dist.*
    785 F.2d 781 (9th Cir. 1986) .................................................................... 15

*Coverdell v. Dept. of Social & Health Services*
    834 F.2d 758 (9th Cir. 1987) .......................................................................... 16

*D.C. Court of Appeals v. Feldman*
    460 U.S. 462 (1983) .............................................................................. 11, 12

*Del Perico v. Thornsley*
    877 F.2d 785 (9th Cir. 1989) .......................................................................... 14

*Erdman v. Cochise County, Arizona*
    926 F.2d 877 (9th Cir. 1991) .......................................................................... 18

*Fleming v. Travenol Laboratories, Inc.*
    707 F.2d 829 (5th Cir. 1983) .......................................................................... 15

*Fry v. Melaragno*
    939 F.2d 832 (9th Cir. 1991) .......................................................................... 16

*Gibson v. United States*
    781 F.2d 1334 (9th Cir. 1986) ........................................................................ 17

*Gilbertson v. Albright*
    381 F.3d 965 (9th Cir. 2004) .......................................................................... 12

*Henrichs v. Valley View Dev.*
    474 F.3d 609 (9th Cir. 2007), *cert.denied*, 552 U.S. 1037 (2007) ................ 11

*International Evangelical Church v. Church of the Soldiers*
    54 F.3d 587 (9th Cir. 1995) ............................................................................ 15

*Johnson v. Riverside Healthcare Sys.*
    534 F.3d 1116 (9th Cir. 2008) ........................................................................ 10

*Johnson v. State of Cal.*
    207 F.3d 650 (9th Cir. 2000) .......................................................................... 14

*Kokkonen v. Guardian Life Ins. Co. of America*
    511 U.S. 375, 114 S.Ct. 1673 (1994) ............................................................. 10

*Lee v. City of Los Angeles*
    250 F.3d 668 (9th Cir. 2001) .......................................................................... 17

*Lopez v. Smith*
    203 F.3d 1122 (9th Cir. 2000) ........................................................................ 11

*Lukovsky v. City and County of San Francisco*
    535 F.3d 1044 (9th Cir. 2008) ........................................................................ 14

*Marsh v. County of San Diego*
    680 F.3d 1148 (9th Cir. 2012) ........................................................................ 18

*McClain v. Apodaca*
    793 F.2d 1031 (9th Cir. 1986) ........................................................................ 15

*Migra v. Warren City School Dist. Bd. of Educ.*
    465 U.S. 75 (1984) .......................................................................................... 15

*Monell v. Department of Soc. Servs.*
    436 U.S. 658 (1978) .................................................................................. 17, 18

*Moore v. Sims*
    442 U.S. 415; 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979) .............................. 13

*Noel v. Hall*
    341 F.3d 1148 (9th Cir. 2003) ........................................................................ 12

*Noll v. Carlson*
    809 F.2d 1446 (9th Cir. 1987) ....................................................................... 11

*Olson Farms, Inc., v. Barbosa*
    134 F.3d 933 (9th Cir. 1998) ......................................................................... 11

*Owens v. Okure*
    488 U.S. 235 (1989) ........................................................................................ 14

*Readylink Healthcare, Inc., v. State Compensation Ins. Fund*
    754 F.3d 754 (9th Cir. 2014) ......................................................................... 12

*Reusser v. Wachovia*
    525 F.3d 855 (9th Cir. 2008) ........................................................................ 11

*Rooker v. Fidelity Trust Co.*
    263 U.S. 413 (1923) ....................................................................................... 11

*Smith v. City of Chicago*
    820 F.2d 916 (7th Cir. 1987) ........................................................................ 15

*Sprint Communs., Inc. v. Jacobs*
    134 S. Ct. 584 (2013) ..................................................................................... 12

*Trevino v. Gates*
    99 F.3d 911 (9th Cir. 2008) ........................................................................... 18

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*
    971 F.2d 244 (9th Cir. 1992) ........................................................................ 11

*Usher v. City of Los Angeles*
    828 F.2d 556 (9th Cir. 1987) ........................................................................ 14

*Van Ort v. Estate of Stanewich*
    92 F.3d 831 (9th Cir. 1996) ........................................................................... 18

*Von Saher v. Norton Simon Museum of Art at Pasadena*
    592 F.3d 954 (9th Cir. 2010) ........................................................................ 14

*Walden v. Wishengrad*
    745 F.2d 149 (2d Cir. 1984) .......................................................................... 16

*Wallace v. Kato*
    549 U.S. 384 (2007) ....................................................................................... 14

*Wilson v. Garcia*
    471 U.S. 261 (1985) ....................................................................................... 14

*World Famous Drinking Emporium, Inc. v. City of Tempe*
    820 F.2d 1079 (9th Cir. 1987) ....................................................................... 13


**Statutes**

28 United States Code
    Section 1738 ......................................................................................... 15

42 United States Code
    Section 1983 ........................................................................ 13, 14, 15, 17

California Code of Civil Procedure
    Section 340(3) ...................................................................................... 14
    Section 335.1 ........................................................................................ 14
    Section 1085 ........................................................................................ 12

California Family Code
    Section 17450 ...................................................................................... 17
    Section 17520 ........................................................................................ 9
    Section 17520(b) ................................................................................... 8


**Rules**

Federal Rule of Civil Procedure
    Rule 8(a)       ........................................................................................ 10
    Rule 12(b)(1) ...................................................................................... 10
    Rule 12(b)(6) ............................................................................. 10, 17, 18

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The First Amended Complaint ("FAC") filed herein by Plaintiff Mark Andrews ("Plaintiff") alleges that he was not afforded an "administrative hearing" as part of his state court child support enforcement action regarding certain California state issued licenses that were suspended as a result of his failure to pay child support as ordered by the Superior Court of California, County of Sonoma, in February of 2014.

This Court should dismiss Plaintiff's claims against the County Defendants for several independent reasons: (1) the *Rooker-Feldman* doctrine bars federal court jurisdiction over this de facto appeal of a state court order; (2) the *Younger* Abstention Doctrine prohibits federal court jurisdiction over the on-going state court child support enforcement action; (3) the lawsuit was filed beyond the applicable statutes of limitation; (4) the claims in the lawsuit are barred by res judicata or collateral estoppel; (5) Defendant Gorman is immune from Plaintiff's claims; (6) Plaintiff failed to adequately plead a cause of action for *Monell* liability against the Sonoma County Department of Child Support Services ("DCSS"); and (7) Plaintiff failed to plead sufficient facts to state a cause of action against Defendant Simon. County Defendants request that the Court dismiss this lawsuit with prejudice as Plaintiff cannot cure the many defects in his First Amended Complaint with another amendment.

## II. STATEMENT OF THE CASE

Regarding the heart of Plaintiff's complaint, DCSS does not have the authority or ability to suspend a California state issued license – the type of license Plaintiff complains was suspended without due process. Instead, a local county child support agency such as DCSS only transmits limited information to the State of California that consists of a list of individuals who have been found by a court to have not paid their court ordered child support. (Cal. Family Code § 17520(b).) Then, it is up to the California agencies to take some action on the license. In other words, DCSS does not

1 suspend any State issued licenses. It could not afford Plaintiff the due process he claims
2 he was denied.
3       Regarding the allegations in his FAC, Plaintiff admits that he was a participant in
4 the state court proceedings regarding his child support obligation – *Andrews v. Andrews*,
5 Superior Court of California, County of Sonoma, case No. SFL-15804. (*See also*, County
6 Defendants' Request for Judicial Notice ["RJN"], Exhibits 1 & 2, filed concurrently
7 herewith.) Plaintiff admits that he was held in contempt for failing to comply with a
8 court order to pay child support. (*See* Dkt. #8, FAC, ¶ 20.)
9       Plaintiff alleges that he received a notice dated May 19, 2013, from Defendant
10 California Bureau of Automotive Repair stating his license would be suspended effective
11 June 23, 2013 pursuant to Family Code section 17520 and a Department of Child Support
12 Services Order. (*Id*., ¶ 17.)
13       Plaintiff alleges that he received a notice dated June 14, 2013, from Defendant
14 California Department of Motor Vehicles that his driver's license would be suspended
15 effective July 14, 2013 pursuant to Family Code section 17520 and a Department of
16 Child Support Services notice. (*Id*., ¶ 17.)
17       Plaintiff alleges DCSS refused Plaintiff's request that they file an appeal with an
18 "Office of Administrative Hearings." (*Id*., ¶ 20.) On September 18, 2013, Plaintiff
19 alleges he requested an administrative hearing from the judge presiding over the State
20 Court matter but she refused. (*Id*., ¶ 21.)
21       Plaintiff claims that "No appeal hearing is held" regarding the suspension of his
22 licenses by either Defendant California Bureau of Automotive Repair or Defendant
23 California Department of Motor Vehicles. (*Id*., ¶ 20, 22.) However, during the time
24 period between June 2013 and February 2014, Plaintiff appeared in court multiple times
25 represented by counsel. (*Id*., ¶ 25.)
26       Finally, Plaintiff admits that on February 19, 2014, pursuant to the advice of his
27 attorney, he pled guilty to the charges in the child support action "to get his licenses
28

back." (*Id.*, ¶ 27; *see also* RJN, Exhibit 2.) Plaintiff claims his licenses were not reinstated by the California state agencies for two weeks, or March 3, 2014. (*Id.*, ¶ 28.)

Plaintiff apparently did not appeal this aspect of the child support enforcement case to the California appellate courts.

### III. FRCP 12 MOTION TO DISMISS STANDARDS

Federal Rule of Civil Procedure 8(a) requires that a complaint filed in federal court contain "a short and plain statement" of the grounds for the court's jurisdiction and the claims for relief. (Fed. R. Civ. Proc. 8(a).)

A claim for relief may be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. (Fed. R. Civ. Proc. 12(b)(1) ("Rule 12(b)(1)").) A plaintiff bears the burden of establishing subject matter jurisdiction; in effect, the court presumes lack of jurisdiction until plaintiff proves otherwise. (*Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S.Ct. 1673, 1675 (1994).) Pursuant to Rule 12(b)(1), a complaint should be dismissed if the plaintiff has failed to satisfy this burden. (*Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).)

A claim for relief may also be dismissed under Federal Rule of Civil Procedure 12(b)(6) for a "failure to state a claim upon which relief can be granted." (Fed. R. Civ. Proc. 12(b)(6) ("Rule 12(b)(6)").) A request for dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory. (*Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008).) To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. (*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).) Bare assertions which amount to "nothing more than a formulaic recitation of the elements" of a claim for relief are conclusory and not entitled to be assumed true. (*Iqbal*, 129 S. Ct. at p. 1951, quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).)

When considering a motion to dismiss, the Court may consider undisputed matters of public record through a request for judicial notice, including state court records.

(*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *Busch v. Torres*, 905 F.Supp. 766, 769, fn. 1 and 2 (C.D. Cal. 1995).)

Leave to amend should only be denied is it is clear that the deficiencies in the complaint cannot be cured by amendment. (*See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs*, 622 F.2d 458, 460 (9th Cir. 1980).)

## IV. LEGAL ANALYSIS

### A. Federal Jurisdiction of Plaintiff's FAC is Barred

Federal courts are courts of limited jurisdiction. (*See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986).) They lack subject matter jurisdiction and must dismiss a claim if they are not given the power to consider the claim under the United States Constitution or a federal statute. (*See Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992).)

#### 1. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine takes its name from two Supreme Court decisions explaining the "jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments." (*Reusser v. Wachovia*, 525 F.3d 855, 859 (9th Cir. 2008); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Olson Farms, Inc., v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998) (*Rooker-Feldman* doctrine is a jurisdictional bar).) At its core, the *Rooker-Feldman* doctrine stands for the proposition that a case must be dismissed "when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." (*Reusser*, 525 F.3d at 859, quoting *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007), *cert.denied*, 552 U.S. 1037 (2007).) This is true "regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate [his] claims." (*Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) (quotation omitted).)

Additionally, the doctrine prohibits federal court jurisdiction to issues that are "inextricably intertwined" with the state court action. (*Noel v. Hall*, 341 F.3d 1148, 1157-58 (9th Cir. 2003); *see also Feldman*, *supra*, 460 U.S. at 483-484 n.16.)

Here, Plaintiff claims he requested that the County Defendants and the Superior Court of California, County of Sonoma, afford him an "administrative hearing" regarding the suspension of his state issued licenses as a part of his child support enforcement proceedings in California State Court. Plaintiff claims their failure to do so violated his constitutional right to due process.

Further, Plaintiff claims California Family Code sections required such a hearing in the child support action. (*See* FAC, ¶¶ 21, 29, 30.) As such, Plaintiff could have requested relief from the California Court of Appeals through an extraordinary writ such as a writ of mandate. (Cal. Code of Civ. Pro., § 1085, *et seq*.) However, Plaintiff does not allege he appealed the court's determination that he was not entitled to an administrative hearing as part of his child support enforcement case. In fact, he likely would have been prohibited from doing so because he pled guilty to the contempt charges he was facing at that time. (*See* RJN, Exhibit 2.) In doing so, he waived his constitutional rights in connecting with that guilty plea. (*Id.*)

### 2. *Younger* Abstention

Plaintiff's state court child support enforcement action is still pending. (*See* RJN, Exhibit 1.) In civil cases, the *Younger* Abstention Doctrine is: "appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." (*Readylink Healthcare, Inc., v. State Compensation Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citing *Sprint Communs., Inc. v. Jacobs*, 134 S. Ct. 584, 593-94 (2013).) "If these 'threshold elements' are met, we then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." (*Id., quoting Gilbertson v. Albright*, 381 F.3d 965, 983-84 (9th Cir. 2004).)

A recent decision from the United States District Court for the Central District of California upheld applying the *Younger* Abstention Doctrine to a 42 U.S.C. section 1983 lawsuit challenging an on-going state court child support enforcement action. (*Amaral v. County of Los Angeles, U.S. Dist. Ct., Central Dist. of Cal.*, Case No. 2:16-cv-4767-VBF (2016 U.S. Dist. LEXIS 104421).) There, the court took judicial notice of the docket of the underlying Los Angeles County Superior Court child support enforcement action. It then cited several cases that support *Younger* Abstention in these situations:

> The pending state court family law/child support proceedings implicate important state court interests. *See Moore v. Sims*, 442 U.S. 415, 435, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979) ("Family relations are a traditional area of state concern."); *Agustin v. Count of Alameda*, 234 Fed.App'x 521, 552 (9th Cir. 2007) (state effort to collect child support implicate important state interests for purposes of *Younger* abstention). Plaintiff has an adequate opportunity to present her constitutional claims in the state trial and/or appellate court. *See World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1083 (9th Cir. 1987).

(*Amaral*, at *6.)

Here, the on-going child support enforcement proceedings in *Andrews v. Andrews* meet every part of the four-part test articulated in *Readylink*, as articulated in *Amaral*. Plaintiff's child support enforcement action (1) is on-going (*see* RJN, Exhibit 1); (2) is a quasi-criminal enforcement action that involves California's interest in enforcing its child support orders – Plaintiff was charged with contempt for failure to pay his court ordered child support; (3) child support order are important state interests; and (4) Plaintiff could have raised his federal constitutional challenges in the Superior Court but chose not to and instead pled guilty to the contempt charges. (*See* RJN, Exhibit 2.) Therefore, the Court should dismiss Plaintiff's claims against the County Defendants on the basis of the *Younger* Abstention Doctrine.

/ / / /

/ / / /

**B.     Statute of Limitations**

Plaintiff has alleged violations of his constitutional right to due process through 42 U.S.C. section 1983.  Constitutional Amendments do not create direct causes of action.  (*Arpin v. Santa Clara Valley Transp. Agency* (9th Cir. 2001) 261 F.3d 912, 929.)  Plaintiff must bring his claims pursuant to 42 U.S.C. section 1983.  "Section 1983 does not contain its own statute of limitations period, but the Supreme Court has held that the appropriate period is that of the forum state's statute of limitations for personal injury torts."  (*Johnson v. State of Cal.*, 207 F.3d 650, 653 (9th Cir. 2000) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *see also Owens v. Okure* (1989) 488 U.S. 235.)  The Ninth Circuit has looked to California's general personal injury statute of limitations for section 1983 lawsuits.  (*See Del Perico v. Thornsley* (9th Cir. 1989) 877 F.2d 785 (applying former California Code of Civil Procedure § 340(3); *Usher v. City of Los Angeles* (9th Cir. 1987) 828 F.2d 556 (same).)  California's current statute of limitations for personal injury actions is contained in California Code of Civil Procedure section 335.1, which provides a two year statute of limitations.

Under federal law, an action accrues when a plaintiff has a complete and present cause of action, i.e., when a plaintiff can "file suit and obtain relief."  (*Wallace v. Kato* (2007) 549 U.S. 384 (holding that federal law controls the accrual of a cause of action under 42 U.S.C. § 1983); *see also Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008).)

Plaintiff's alleges the County Defendants failed to provide him with an administrative hearing from June to March of 2014.  (FAC, ¶¶ 21-31.)  Two years from March 2014 is March 2016.  Plaintiff filed his original complaint on January 17, 2017.  (Dkt. #1.)  Plaintiff filed his complaint approximately nine (9) months beyond the statute of limitations.  Plaintiff's claims against the County Defendants should be dismissed pursuant to Rule 12(b)(6) as it is barred by the statute of limitations.  (*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).)

/ / / /

### C. Res Judicata and Collateral Estoppel

Plaintiff's allegations that he was wrongfully denied a hearing regarding his license suspensions is barred by res judicata and collateral estoppel because (1) the judge heard and denied his request; and (2) he resolved the issue by pleading guilty to contempt charges regarding his failure to pay child support in order to have his licenses reinstated by the California agencies who suspended them. (FAC, ¶¶ 26, 27.)

The Court may examine the preclusive effect of a prior judgment sua sponte. (*McClain v. Apodaca*, 793 F.2d 1031, 1032-33 (9th Cir. 1986).) The doctrine of res judicata, or claim preclusion, "'bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties … on the same cause of action.'" (*C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987) (citing *McClain*, 793 F.2d at 1033).)

Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." (*Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *International Evangelical Church v. Church of the Soldiers*, 54 F.3d 587, 590 (9th Cir. 1995).)

The Supreme Court has made it clear that a section 1983 claim brought in federal court is subject to collateral estoppel and res judicata by a prior state court judgment. (*See Allen v. McCurry*, 449 U.S. 90, 97-98 (1980).) There is no exception to the rules of issue and claim preclusion for federal civil rights actions under 42 U.S.C. § 1983. (*Clark v. Yosemite Community College Dist.*, 785 F.2d 781, 788 n.9 (9th Cir. 1986); *see also Smith v. City of Chicago*, 820 F.2d 916, 920 (7th Cir. 1987) (res judicata applies where single core of operative facts forms basis of both lawsuits and plaintiff neglected to raise § 1983 claim until years after it occurred and not until adverse judgment was rendered on cause of action for employment discrimination); *Fleming v. Travenol Laboratories, Inc.*, 707 F.2d 829, 834 (5th Cir. 1983) (res judicata applies where factual basis for Title VII claim is same as factual basis for §1983 claim raised earlier; even though legal theory is

different same wrong is sought to be vindicated in each instance and plaintiff could have amended prior action to include Title VII claim).)

In this case, Plaintiff is alleging DCSS violated his constitutional due process rights by failing to afford him a hearing regarding the suspension of his California state issued licenses – the same claims he made in the child support action and the same claims he gave up when he pled guilty to the contempt charges. The same parties were involved in the child support action as are here – Plaintiff and DCSS. The only other County parties here are Defendants Kirk Gorman and Kathy Simon. Mr. Gorman appeared in his official capacity as an attorney for the Department in the child support enforcement proceedings where Plaintiff was also represented by counsel. (FAC, ¶¶ 22, 25, 26, 27.) Ms. Simon was allegedly the case worker at the Department who in some way touched Plaintiff's file. (FAC, ¶ 23.) That is hardly any conduct that presents any new factual basis for a claim against either Defendant Gorman or Simon.

All claims raised in the FAC should be dismissed based on the principles of res judicata and collateral estoppel.

### D. Defendant Gorman Has Absolute Immunity from Plaintiff's Claims

There is no actionable conduct alleged against Defendant Kirk Gorman other than his appearances in Plaintiff's child support enforcement proceedings – for which he is immune from any liability.

Government attorneys are entitled to absolute immunity for actions taken in close or intimate association with the judicial process, including representation of a plaintiff in a civil action. (*See Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991); *see also Walden v. Wishengrad*, 745 F.2d 149, 151-52 (2d Cir. 1984) (providing absolute immunity for government attorney in parental termination case).) Immunity has been extended beyond criminal proceedings to cover other prosecutorial duties as well as those who assist the prosecutor in his or her duties. (*See e.g. Coverdell v. Dept. of Social & Health Services*, 834 F.2d 758, 762-764 (9th Cir. 1987).) Here, the only allegations against Defendant Gorman are that (1) he appeared on behalf of DCSS in Plaintiff's child support

enforcement proceedings, and (2) that instead of filing Plaintiff's request for a hearing for Plaintiff, he informed Plaintiff and Plaintiff's counsel that if they wanted a hearing they needed to file their own motion. (FAC, ¶¶ 22, 25, 26, 27.) These child enforcement proceedings are authorized by California Family Code section 17450, *et seq*.

Thus, Defendant Gorman is immune from Plaintiff's claims because all of his actions were taken as a government attorney representing a government agency in an enforcement proceeding authorized by state statute. Pursuant to Rule 12(b)(6), all claims in the FAC should be dismissed as to Defendant Gorman with prejudice.

### E. FAC Fails to Allege Facts Sufficient to State a Cause of Action Against the County under *Monell* Liability

Municipalities – including counties and their subdivisions – are considered "persons" under 42 U.S.C. section 1983 and may be liable for causing constitutional deprivations. (*Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978) ("*Monell*").) However, counties cannot be held liable merely for employing a tortfeasor under a *respondeat superior* theory. (*Id.*, at 691.) Instead, a county can only be held liable under § 1983 where the county itself caused the constitutional violation through "execution of a government's policy or custom, whether made by its lawmakers or those whose edicts are acts may fairly be said to represent official policy." (*Id.*, at 694.) Accordingly, "a plaintiff must allege that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [municipal] policy." (*Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986).)

Hence, to allege a § 1983 claim against a municipal defendant (or an individual public official sued in his or her official capacity), a plaintiff must show that: (1) he was deprived of his constitutional rights by defendants and their employees acting under color of state law; (2) the defendants have customs or policies which amount to deliberate indifference to constitutional rights; and (3) the policies were the moving force behind, or proximate cause of, the constitutional violations. (*Lee v. City of Los Angeles*, 250 F.3d 668, 681-682 (9th Cir. 2001), *abrogated on other grounds by Bell Atlantic v. Twombly*,

550 U.S. 544, 555 (2007); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996).) A plaintiff's allegation that a policy exists, without more, is insufficient to trigger local government liability under § 1983. (*City of Canton v. Harris* (1989) 489 U.S. 378, 388-389.)

Single or isolated events in the context of this type of case are simply insufficient to state a plausible claim under *Monell*: "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." (*Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 2008).) That is, under *Monell* standards, an "isolated instance . . . is insufficient evidence of a 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by' the County." (*See Marsh v. County of San Diego*, 680 F.3d 1148, 1159 (9th Cir. 2012) (internal citations omitted).) Further, a plaintiff must allege a "direct causal link" between the constitutional deprivation and a municipal policy or custom. (*Erdman v. Cochise County, Arizona*, 926 F.2d 877, 882 (9th Cir. 1991), quoting *City of Canton v. Harris,* 489 U.S. 378, 385 (1989).) This requires that a plaintiff actually allege the specific "policy" that caused the constitutional deprivation and resulting injury – mistakes or isolated events of municipal officials do not arise to the level of "policy" sufficient for § 1983 liability. (*Id*.)

Plaintiff fails to allege facts demonstrating that DCSS had a policy, custom or practice of violating Plaintiff's constitutional rights. The mere fact that DCSS did not initiate an administrative hearing as part of Plaintiff's child support enforcement proceedings regarding whether or not a separate California State agency should suspended Plaintiff's license (something that no statute or rule compels it to do nor can it do) does not provide Plaintiffs with a viable claim for relief against DCSS. Accordingly, Plaintiff's claims against DCSS should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim under *Monell*.

/ / / /

### F. FAC Fails to Allege Sufficient Facts to Support a Cognizable Legal Theory Against Defendant Kathy Simon

Plaintiff's only allegations against Defendant Kathy Simon are that she is a "caseworker at DCSS" and "having known about the letter requesting the appeal, and having known the appeal never happened, was complicit in the intentional damage to Plaintiff." (FAC, ¶ 23.) Plaintiff makes no allegations that Defendant Simon had any role whatsoever in processing Plaintiff's letter requesting an appeal or whether she had any duty or obligation to act on Plaintiff's request. Plaintiff has failed to allege facts showing that Defendant Simon was in any way responsible for his claimed violation of his constitutional rights. (*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his [or her] civil rights.").) Plaintiff's allegations against Defendant Simon could be made against almost anyone at DCSS. Plaintiff has failed to allege facts that demonstrate how Defendant Simon is responsible for Plaintiff's alleged denial of due process.

## V. CONCLUSION

Plaintiff is improperly seeking to re-litigate misguided, stale and incorrect legal theories in federal court. This court should abstain from asserting jurisdiction over Plaintiff's baseless claims and dismiss this lawsuit for the numerous reasons described above.

Dated: May 19, 2017          BRUCE D. GOLDSTEIN, County Counsel

By: /s/ Joshua A. Myers
     Joshua A. Myers
     Deputy County Counsel
     Attorneys for Defendants
     SONOMA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES;
     KIRK GORMAN; KATHY SIMON