1  MARK T. ANDREWS
2  3436C MENDOCINO AVE
   SANTA ROSA, CA 95403
3  707-280-7425
   nottobetakenaway@live.com
4  Plaintiff Pro Se

5

6

7

8
# UNITED STATES DISTRICT COURT
9
## NORTHERN DISTRICT OF CALIFORNIA   W H O
10

| | |
|---|---|
| MARK ANDREWS; | CASE NO: 17-cv-0252-~~DMR~~ |
| | JUDGE: William H. Orrick |
| Plaintiff, | |
| | OPPOSITION TO MOTION TO |
| vs. | DISMISS DEFENDANT LOUIS |
| | BAYLES FIGHTMASTER |
| CALIFORNIA DEPARTMENT OF | |
| CONSUMERS AFFAIRS; | DATE FILED: January 17, 2017 |
| SONOMA COUNTY DEPARTMENT | |
| OF CHILD SUPPORT SERVICES; | DATE: July 19, 2017 |
| CALIFORNIA DEPARTMENT OF | TIME: 2PM |
| MOTOR VEHICLES; | DEPT: 2-17th floor |
| CALIFORNIA BUREAU OF | |
| AUTOMOTIVE REPAIR; LOUISE | |
| BAYLES FIGHTMASTER, in her | |
| official capacity as the commissioner | |
| appointed by state court judges; KIRK | |
| GORMAN, in his official capacity as | |
| the attorney for the Department of Child | |
| Support Services; Kathy Simon in her | |
| official capacity as case worker for | |
| Child Support Services; | |
| DOES 1 through 20; | |
| Defendants. | |

OPPOSITION TO MOTION TO DISMISS                                    Page 1

# NOTICE OF OPPOSITION TO MOTION TO DISMISS DEFENDANT LOUIS BAYLES FIGHTMASTER

Please take notice that on the above date and time, or as soon thereafter as the matter may be heard, in Courtroom 2-17th Floor of the United States District Court located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff Mark T. Andrews, will and hereby does move the Court under Fed.Civ.R 12(b)(1) & Fed.Civ.R 12(b)(6) for an order denying Defendants Motion to Dismiss, or in the alternative, leave of court to file a more definite statement and Amended Complaint.

July 17, 2017

Respectfully submitted:

Mark T. Andrews
Plaintiff Pro Se

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  STANDARD OF REVIEW FOR *PRO SE* PLEADINGS

Plaintiff admits to some technical missteps attributable to the learning curve. However, none of which is fatal to his claim as will be demonstrated below. The Plaintiff is proceeding without the benefit of legal counsel. Additionally, he is not a practicing attorney nor has he been trained in the complex study of law. As such, Plaintiff's pro se papers are to be construed liberally.[1] "A pro se litigant should be given a reasonable opportunity to remedy defects in his pleadings if the factual allegations are close to stating a claim for relief."[2] Accordingly such pleadings should be held to a less stringent standard than those drafted by licensed, practicing attorneys.[3] The Court is the Guardian of 'my' liberties and "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." In addition, in considering a motion under Rule 8 (a), courts should liberally construe the complaint of a pro se litigant in his or her favor.[4] "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[5]

## II.  STANDARD FOR DISMISSAL UNDER Fed.Civ.R.12(b)(6)

Motions to dismiss for failure to state a claim under Federal Rules of Civil

---

[1] *Haines v. Kerner, 404 U.S. 519-20, (1972).*
[2] *Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).*
[3] *Platsky v. CIA,  953 F.2d  25, 26 28 (2nd Cir. 1991),*
[4] *in MARIA APOSTOLIDIS v. JP MORGAN CHASE & CO., 2012*
[5] Erickson v. Pardus, 551 U.S. 89, 93 (2007) (ellipsis in original; internal quotation marks omitted).

Procedure, Rule 12(b)(6) are viewed with disfavor, and, accordingly, dismissals for failure to state a claim are "rarely granted."[6] The standard for dismissal under Rule 12(b)(6) is a stringent one. "[A] First Amended Complaint should not be dismissed for failure to state a claim unless it appears *beyond doubt* that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[7] The purpose of a motion under Federal Rule 12(b)(6) is to test the formal ssufficiency of the statement of the claim for relief in the First Amended Complaint.[8] The First Amended Complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.[9]

It is **not** a procedure for resolving a contest about the facts or the merits of the case. In reviewing the sufficiency of the Complaint, the issue is not whether the Plaintiff will ultimately prevail, but whether the Plaintiff is entitled to offer evidence to support the claims asserted.[10] Furthermore, the U.S. Supreme Court has held that to survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, would "state a claim to relief that is plausible on its face"[11] Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

---

[6] *Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997)* (citation omitted).
[7] *Hartford Fire Ins. Co. v.California, 509 U.S. 764, 811 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993)* .
[8] *Rutman Wine Co. v. E. &J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987**).**
[9] *Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).*
[10] *Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).*
[11] *Bell Atlantic Corp. v. Twombly,* 55 US 544 (2007).

standards than formal pleadings drafted by lawyers." Id. (citation and internal quotation marks omitted).

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." Id. at 679 (alteration in original; internal quotation marks and citation omitted).

## III.     STANDARDS FOR PLAINTIFF

On a motion to dismiss, the allegations of the complaint must be accepted as true.[12] The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.[13] Thus the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.[14]

In general, the complaint is construed favorably to the pleader.[15]  So construed, the court may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief.[16]  In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has

---

[12] *Cruz v. Beto, 405 U.S. 319, 322 (1972).*
[13] *Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).*
[14] *Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963)* (inferring fact from allegations of complaint).
[15] *Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).*
[16] *Hishon v. King & Spalding, 467 U.S. 69 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).*

not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." [17]

## IV.    ADDRESSING DEFENDANTS SPECIFIC ARGUMENTS

Defendant Louis Bayles Fightmaster (hereinafter Fightmaster) raises 6 points in support of her motion to dismiss. Defendant first raises the argument that this court lacks subject matter jurisdiction to review state court decisions. This argument ignores the clear holding in Universal Oil Products Company[18]; which states that it is beyond question a federal court may investigate a question as to whether there is fraud in the procurement of the judgment.

Fightmaster also raises the holding of Rooker-Feldman yet that holding is in applicable here because the facts of the underlying state court case establish that Plaintiff did not have a full opportunity to argue his claim on appeal.

Fightmaster next argues that the 11th amendment immunity bares defendant claims against the judicial officer who adjudicated his case. This argument fails to take into consideration the fact that Fightmaster failed to perform her judicial functions - thus where the impartial function of the court have been directly corrupted. [19]

Fightmaster next argues that Plaintiff damages claims against her are barred by absolute immunity. See Bulloch *supra*, which counters this argument that fraud on the court "which Plaintiff complaint claims" is fraud which is directed to the judicial machinery itself and it is not

---

[17] *Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).*

[18] Universal Oil Products Company v Root Refining Company 328 US 575
[19] Bulloch v United States 763 F.2d 1115 (1985).

fraud between the parties. In accordance with the foregoing liability see Owen v. City of Independence (1980) United States Supreme Court, which held a municipality has no immunity from liability under 1983 flowing from its constitutional violations and may not assert the good faith of its officers as a defense to such liability.

Fightmaster next argues that Plaintiff claims are barred by the applicable statute of limitations. This argument is not well taken because Plaintiff argues fraud in the procurement of the judgment where the statue of limitations in this particular case would not be applicable. See Bulloch *supra*, which states that fraud on the court as such does not generally apply.

Fightmaster next argues that Plaintiff complaint does not otherwise state any plausible claim against her. This argument is mistaken where as in this case Plaintiff argues in an adversary setting that Fightmaster in presiding in over Plaintiffs overall case failed to perform her judicial function. Thus causing the impartial function of the court to be directly corrupted. See Bulloch *supra*.

Fightmaster finally argues that Plaintiff claims are barred by the government claims act, this argument ignores the fact that among other causes this case seeks relief independently under the authority of 42 USC §1983 *et seq*.

## CONCLUSION

1.     Plaintiff has demonstrated a prima facie case, wherein there are facts presented and in accordance with relief requested.

2.     Plaintiff has shown it is not proper to dismiss his prima facie case under the Fed.Civ.R 12(b)(1) Motion,

3.     Plaintiff has shown it is not proper to dismiss his prima facie case under the Fed.Civ.R 12(b)(6) Motion.

OPPOSITION TO MOTION TO DISMISS                                           Page 7

1      4.      Defendants Motion to Dismiss 12(b)(1) & 12(b)(6) should be dismissed and

2  Defendant held to answer.

3      5.      Leave to amend should be granted even if the plaintiff did not request leave,

4  unless it is clear that the complaint cannot be cured by the allegation of different or additional

5  facts.[20]  In determining whether to grant leave to amend a complaint, a district court is guided

6  by Rule 15(a), which states that "leave shall be freely given when justice so requires."[21]

7      6.      Plaintiff requests that if pleadings have not shown a prima facie case and is

8  correctable by amendment clarifying or adding additional facts, leave of this court to amend is

9  required, or in the alternative, leave for more definite statement.

10      7.      Plaintiff has stated a claim for which relief can be granted.

July 17, 2017                             Respectfully

                                       Mark T Andrews
                                       Plaintiff Pro Se

---

[20] Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

[21] Allen v. City of Beverly Hills, 911 F.2d 367, 343 (9th Cir. 1990) (internal quotation marks omitted).