MARK T. ANDREWS
3436C MENDOCINO AVE
SANTA ROSA, CA 95403
707-280-7425
nottobetakenaway@live.com
Plaintiff Pro Se


FILED
2017 JUL 19 P 2:03
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANDREWS;<br><br>　　　Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CONSUMERS AFFAIRS;<br>SONOMA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES;<br>CALIFORNIA DEPARTMENT OF MOTOR VEHICLES;<br>CALIFORNIA BUREAU OF AUTOMOTIVE REPAIR; LOUISE BAYLES FIGHTMASTER, in her official capacity as the commissioner appointed by state court judges; KIRK GORMAN, in his official capacity as the attorney for the Department of Child Support Services; Kathy Simon in her official capacity as case worker for Child Support Services;<br>DOES 1 through 20;<br>　　　Defendants. | CASE NO: 17-cv-0252-~~DMR~~<br>JUDGE: William H. Orrick<br><br>OPPOSITION TO MOTION TO DISMISS DEFENDANT SONOMA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES and KIRT GORMAN; and KATHY SIMON<br><br>DATE FILED: January 17, 2017<br><br>DATE: July 19, 2017<br>TIME: 2PM<br>DEPT: 2-17th floor |

**NOTICE OF OPPOSITION TO MOTION TO DISMISS DEFENDANT SONOMA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES and KIRT GORMAN; and KATHY SIMON**

---

OPPOSITION TO MOTION TO DISMISS　　　　　　　　　　　　　　　　　　　　　　Page 1

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | Please take notice that on the above date and time, or as soon thereafter as the matter may |
| 4 | be heard, in Courtroom 2-17th Floor of the United States District Court located at 450 Golden |
| 5 | Gate Avenue, San Francisco, California, Plaintiff Mark T. Andrews, will and hereby does move |
| 6 | the Court under Fed.Civ.R 12(b)(1) & Fed.Civ.R 12(b)(6) for an order denying Defendants |
| 7 | Motion to Dismiss, or in the alternative, leave of court to file a more definite statement and |
| 8 | Amended Complaint. |

July 17, 2017

Respectfully submitted:

*[signature]*

Mark T. Andrews
Plaintiff Pro Se

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STANDARD OF REVIEW FOR *PRO SE* PLEADINGS

Plaintiff admits to some technical missteps attributable to the learning curve. However, none of which is fatal to his claim as will be demonstrated below. The Plaintiff is proceeding without the benefit of legal counsel. Additionally, he is not a practicing attorney nor has he been trained in the complex study of law. As such, Plaintiff's pro se papers are to be construed liberally.[1] "A pro se litigant should be given a reasonable opportunity to remedy defects in his pleadings if the factual allegations are close to stating a claim for relief."[2] Accordingly such pleadings should be held to a less stringent standard than those drafted by licensed, practicing attorneys.[3] The Court is the Guardian of 'my' liberties and "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." In addition, in considering a motion under Rule 8 (a), courts should liberally construe the complaint of a pro se litigant in his or her favor.[4] "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[5]

## II. STANDARD FOR DISMISSAL UNDER Fed.Civ.R.12(b)(6)

Motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6) are viewed with disfavor, and, accordingly, dismissals for failure

---

[1] *Haines v. Kerner, 404 U.S. 519-20, (1972).*
[2] *Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).*
[3] *Platsky v. CIA, 953 F.2d 25, 26 28 (2nd Cir. 1991),*
[4] in *MARIA APOSTOLIDIS v. JP MORGAN CHASE & CO., 2012*
[5] Erickson v. Pardus, 551 U.S. 89, 93 (2007) (ellipsis in original; internal quotation marks omitted).

to state a claim are "rarely granted."[6] The standard for dismissal under Rule 12(b)(6) is a stringent one. "[A] First Amended Complaint should not be dismissed for failure to state a claim unless it appears *beyond doubt* that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[7] The purpose of a motion under Federal Rule 12(b)(6) is to test the formal ssufficiency of the statement of the claim for relief in the First Amended Complaint.[8] The First Amended Complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.[9]

It is **not** a procedure for resolving a contest about the facts or the merits of the case. In reviewing the sufficiency of the Complaint, the issue is not whether the Plaintiff will ultimately prevail, but whether the Plaintiff is entitled to offer evidence to support the claims asserted.[10] Furthermore, the U.S. Supreme Court has held that to survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, would "state a claim to relief that is plausible on its face"[11] Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (citation and internal quotation marks omitted).

---

[6] *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).
[7] *Hartford Fire Ins. Co. v.California*, 509 U.S. 764, 811 (1993) *(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993)*.
[8] *Rutman Wine Co. v. E. &J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987**).**
[9] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).
[10] *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).
[11] *Bell Atlantic Corp. v. Twombly*, 55 US 544 (2007).

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." Id. at 679 (alteration in original; internal quotation marks and citation omitted).

### III. STANDARDS FOR PLAINTIFF

On a motion to dismiss, the allegations of the complaint must be accepted as true.[12] The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.[13] Thus the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.[14]

In general, the complaint is construed favorably to the pleader.[15] So construed, the court may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief.[16] In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged."[17]

---

[12] *Cruz v. Beto*, 405 U.S. 319, 322 (1972).
[13] *Retail Clerks Intern. Ass'n., Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).
[14] *Wheeldin v. Wheeler*, 373 U.S. 647, 648 (1963) (inferring fact from allegations of complaint).
[15] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).
[16] *Hishon v. King & Spalding*, 467 U.S. 69 (1984) *(citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).
[17] *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## IV. ADDRESSING DEFENDANTS SPECIFIC ARGUMENTS

Defendant SONOMA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES (hereinafter DCSS); and Defendant KIRT GORMAN (herinafter GORMAN, and Defendant KATHY SIMON (herinafter SIMON); each move to dismiss Plaintiffs complaint based on 6 arguments.

These arguments initially state that Plaintiff has failed to argue that he is entitled to Federal subject matter jurisdiction. Pursuant to the foregoing Defendants Motion to Dismiss should be denied because Plaintiff amended complaint as cited above argues that his constitutional rights have been abridged by the actions of the named defendants and his statutory rights as mentioned above have been further abridged.

In support of their motion to dismiss Defendants state that Plaintiffs FAC should be dismissed because it lacks subject matter jurisdiction.

This assertion fails to recognize clear cut case and statutory authority supporting Plaintiffs claims.

In support of Plaintiffs claims that he was denied a fair hearing see the case authority of Los Angeles County; California v Humphries No. 09-350 Supreme Court of the United States which relies on the authority of Monell[18] and concludes that pursuant to the Monell holding the claimants were protected in seeking relief from the Court pursuant to title 42 1983. See also Gray v Superior Court of Napa County A107367[19] where the court held that the Napa Superior Court violated Petitioners due process rights when it suspended his license as a condition of bail.

Furthermore the appellate court held that underlying court violated Grays rights by failing to first provide him with a fair hearing on the charges.

---

[18] Monell v New York City Department of Social Services 436 US 658
[19] See also Gray v Superior Court of Napa County A107367

Also with regard to Defendants claim that Plaintiff has not invoked Subject Matter Jurisdiction see Hardwick[20] where the Ninth Circuit Court of Appeal held that the County of Orange violated Hardwick's 4th & 14th amendments rights by using perjured testimony and fabricated evidence in Juvenile Dependency proceedings that resulted in the mother losing custody of the child.

Finally see City and County of San Francisco California *et al* v Sheehan[21] which was alluded to by the Hardwick court *supra* when Hardwick stated that as the Supreme Court repeated in Sheehan, Officials who knowingly violate the law are not entitled to immunity. (quoting Ashcroft 131 SCt. 2085).

Plaintiff argues in his overall complaint that his 5th and 14th constitutional amendment rights have been abridged throughout underlying state court proceeding due to the facts that the underlying state court proceedings denied him his right to property and due process by failing to give him notice and a fair opportunity to be heard. Also Plaintiffs complaint cites statutory protection provided him as a citizen of the United States pursuant to the provisions of title 42 USC §1983, §1985, §1986, §1988. In accordance with the foregoing liability see Owen v. City of Independence (1980) United States Supreme Court, which held a municipality has no immunity from liability under 1983 flowing from its constitutional violations and may not assert the good faith of its officers as a defense to such liability.

In referencing Defendants motion to dismiss, Defendants argue that the Rooker-Feldman Doctrine applies and that the Younger abstention applies. In response to these misplaced

---

[20] Hardwick v County of Orange 844 F.3d 1112 (2017)
[21] City and County of San Francisco California *et al* v Sheehan No 13-1412 (Decided May 18, 2015)

OPPOSITION TO MOTION TO DISMISS                                                  Page 7

arguments see Plaintiff's response to Defendant Fightmaster motion to dismiss in this regard. See Bulloch supra and Universal Oil supra.

Defendants argue that the statute of limitations should cause Plaintiffs complaint be dismissed. This argument fails to address the statute of limitations for fraud which evoke a wider period than claims for personal injury and property claims. Also see in Opposition to Defendants Fightmasters claim, the bar of statute of limitations Bulloch *supra*.

Next the Defendants raise the bar of res judicata and collateral estoppel. This argument ignores the salient facts that the statute of limitation only began to run from the date when the Defendants decided to refrain from temporarily refraining from further prosecuting the Plaintiff on or about February 2017.

Defendants next claim that GORMAN has abolute immunity from Plaintiffs claim, as cited above in Monell supra; Hardwick supra and Sheehan supra; which all noted that absolute immunity does not always protect a party who at the most enjoys qualified immunity.

Defendants erroneously cite the overall application and interpretation of Monell in its holding which was expanded by the decision in Humphries *supra*.

Defendants erroneously claim that Plaintiffs FAC does not state a cognizable theory against SIMMON. This argument ignores the overall holding in Bulloch *supra* as fully alluded to in Plaintiffs Opposition to Dismiss by FIGHTMASTER as stated therein that a Plaintiff may state a claim which includes parties who have ultimately caused the Judge to not perform her judicial function and thus causing the impartial functions of the Court to be directly corrupted. See Bulloch *supra*.

## CONCLUSION

1. Plaintiff has demonstrated a prima facie case, wherein there are facts presented and in accordance with relief requested.

2. Plaintiff has shown it is not proper to dismiss his prima facie case under the Fed.Civ.R 12(b)(1) Motion,

3. Plaintiff has shown it is not proper to dismiss his prima facie case under the Fed.Civ.R 12(b)(6) Motion.

4. Defendants Motion to Dismiss 12(b)(1) & 12(b)(6) should be dismissed and Defendant held to answer.

5. Leave to amend should be granted even if the plaintiff did not request leave, unless it is clear that the complaint cannot be cured by the allegation of different or additional facts.[22] In determining whether to grant leave to amend a complaint, a district court is guided by Rule 15(a), which states that "leave shall be freely given when justice so requires."[23]

6. Plaintiff requests that if pleadings have not shown a prima facie case and is correctable by amendment clarifying or adding additional facts, leave of this court to amend is required, or in the alternative, leave for more definite statement.

7. Plaintiff has stated a claim for which relief can be granted.

July 17, 2017                                      Respectfully

                                                   Mark T Andrews
                                                   Plaintiff Pro Se

---

[22] Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

[23] Allen v. City of Beverly Hills, 911 F.2d 367, 343 (9th Cir. 1990) (internal quotation marks omitted).

OPPOSITION TO MOTION TO DISMISS                                                    Page 9