1
MARK T. ANDREWS
3436C MENDOCINO AVE
2
SANTA ROSA, CA 95403
707-280-7425
3
nottobetakenaway@live.com
Plaintiff Pro Se
4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

                     NORTHERN DISTRICT OF CALIFORNIA
10

11   MARK ANDREWS;                        )   CASE NO: 17-cv-0252-DMR
                                          )   JUDGE: William H. Orrick
12        Plaintiff,                      )
                                          )
13                                        )   OPPOSITION TO MOTION TO DISMISS
          vs.                             )   DEFENDANT DEPARTMENT OF MOTOR
14                                        )   VEHICLES, DEPARTMENT OF
     CALIFORNIA DEPARTMENT OF             )   CONSUMER AFFAIRS, AND BUREAU OF
15   CONSUMERS AFFAIRS;                   )   AUTOMOTIVE REPAIR
     SONOMA COUNTY DEPARTMENT OF          )
16   CHILD SUPPORT SERVICES;              )   DATE FILED: January 17, 2017
17   CALIFORNIA DEPARTMENT OF MOTOR       )
     VEHICLES;                            )
18   CALIFORNIA BUREAU OF AUTOMOTIVE)         DATE: July 19, 2017
19   REPAIR; LOUISE BAYLES                )   TIME: 2PM
     FIGHTMASTER, in her official capacity as )  DEPT: 2-17th floor
20   the commissioner appointed by state court )
21   judges; KIRK GORMAN, in his official  )
     capacity as the attorney for the Department of )
22   Child Support Services; Kathy Simon in her )
     official capacity as case worker for Child )
23   Support Services;                    )
24   DOES 1 through 20;                   )
          Defendants.                     )
25   _____)

26

27   **NOTICE OF OPPOSITION TO MOTION TO DISMISS DEFENDANT DEPARTMENT
     OF MOTOR VEHICLES, DEPARTMENT OF CONSUMER AFFAIRS, AND BUREAU**
28                      **OF AUTOMOTIVE REPAIR**

OPPOSITION TO MOTION TO DISMISS                              Page 1

1
2    Please take notice that on the above date and time, or as soon thereafter as the matter may

3   be heard, in Courtroom 2-17th Floor of the United States District Court located at 450 Golden

4   Gate Avenue, San Francisco, California, Plaintiff Mark T. Andrews, will and hereby does move

5   the Court under Fed.Civ.R 12(b)(1) & Fed.Civ.R 12(b)(6) for an order denying Defendants

6   Motion to Dismiss, or in the alternative, leave of court to file a more definite statement and

7   Amended Complaint.

8   July 17, 2017

9
                                        Respectfully submitted:

10

11
                                        Mark T. Andrews
12                                      Plaintiff Pro Se

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STANDARD OF REVIEW FOR *PRO SE* PLEADINGS

Plaintiff admits to some technical missteps attributable to the learning curve. However, none of which is fatal to his claim as will be demonstrated below. The Plaintiff is proceeding without the benefit of legal counsel. Additionally, he is not a practicing attorney nor has he been trained in the complex study of law. As such, Plaintiff's pro se papers are to be construed liberally.[1] "A pro se litigant should be given a reasonable opportunity to remedy defects in his pleadings if the factual allegations are close to stating a claim for relief."[2] Accordingly such pleadings should be held to a less stringent standard than those drafted by licensed, practicing attorneys.[3] The Court is the Guardian of 'my' liberties and "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." In addition, in considering a motion under Rule 8 (a), courts should liberally construe the complaint of a pro se litigant in his or her favor.[4] "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[5]

## II.    STANDARD FOR DISMISSAL UNDER Fed.Civ.R.12(b)(6)

Motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6) are viewed with disfavor, and, accordingly, dismissals for failure

---

[1] *Haines v. Kerner, 404 U.S. 519-20, (1972).*
[2] *Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).*
[3] *Platsky v. CIA, 953 F.2d 25, 26 28 (2nd Cir. 1991),*
[4] in *MARIA APOSTOLIDIS v. JP MORGAN CHASE & CO., 2012*
[5] <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (ellipsis in original; internal quotation marks omitted).

to state a claim are "rarely granted."[6] The standard for dismissal under Rule 12(b)(6) is a stringent one. "[A] First Amended Complaint should not be dismissed for failure to state a claim unless it appears *beyond doubt* that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[7] The purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief in the First Amended Complaint.[8] The First Amended Complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.[9]

It is **not** a procedure for resolving a contest about the facts or the merits of the case. In reviewing the sufficiency of the Complaint, the issue is not whether the Plaintiff will ultimately prevail, but whether the Plaintiff is entitled to offer evidence to support the claims asserted.[10] Furthermore, the U.S. Supreme Court has held that to survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, would "state a claim to relief that is plausible on its face"[11] Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (citation and internal quotation marks omitted).

---

[6] *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).
[7] *Hartford Fire Ins. Co. v.California,* 509 U.S. 764, 811 (1993) *(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993)* .
[8] *Rutman Wine Co. v. E. &J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987**).**
[9] *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).
[10] *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).
[11] *Bell Atlantic Corp. v. Twombly,* 55 US 544 (2007).

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." Id. at 679 (alteration in original; internal quotation marks and citation omitted).

### III.    STANDARDS FOR PLAINTIFF

On a motion to dismiss, the allegations of the complaint must be accepted as true.[12] The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.[13] Thus the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.[14]

In general, the complaint is construed favorably to the pleader.[15] So construed, the court may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief.[16] In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged."[17]

---

[12] *Cruz v. Beto*, 405 U.S. 319, 322 (1972).
[13] *Retail Clerks Intern. Ass'n., Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).
[14] *Wheeldin v. Wheeler*, 373 U.S. 647, 648 (1963) (inferring fact from allegations of complaint).

[15] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).
[16] *Hishon v. King & Spalding*, 467 U.S. 69 (1984) *(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).*
[17] *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## IV.     ADDRESSING DEFENDANTS SPECIFIC ARGUMENTS

Defendant DEPARTMENT OF MOTOR VEHICLES (hereinafter DMV),

DEPARTMENT OF CONSUMER AFFAIRS (herinafter DCA), AND BUREAU OF

AUTOMOTIVE REPAIR (herinafter BAR); each move to dismiss Plaintiffs complaint based on

7 arguments.

Defendants jointly argue dismissal on the below listed arguments.

For the sake of brevity and consistency Plaintiff herein will make reference to and allude

to his arguments in Opposition to Defendants FIGHTMASTER and  DCSS, GORMAN, AND

SIMON motion to dismiss.

With respect to the three Defendants arguments, they first raise that pursuant to Rooker-

Feldman, the court otherwise lacks subject matter jurisdiction. In response Plaintiff refers to and

references and incorporates his Opposition to this argument as raised by the above mentioned

Defendants in their motion to dismiss.

Defendants next argue that Plaintiff fails to establish article III standing against the DMV

where they erroneously argue in essence that these Defendants never participated in any

wrongful conduct against the Plaintiff. This argument fails to acknowledge that they directly

participated in the actual taking of Plaintiffs license rights (property) as extended by their official

function. This argument fails to acknowledge that they directly participated in the actual

violating of Plaintiffs due process rights regarding hearings as extended by their official function.

Defendants next argue that the DMV is not a "PERSON" under 1983.

Although this claim may be well taken it ignores the fact that the Plaintiffs complaint also

alleges constitutional deprivation of his rights protected under the 5th and 14th amendments.

Defendants next argue that Plaintiff claims are barred by the 11th amendment which proscribes suits against state agencies. This argument fails to address the names and capacity of all the named parties in Plaintiffs FAC who clearly are not sued as state agencies.

Defendants next assert that Plaintiffs claims are barred by res judicata and collateral estopple. For the sake of brevity and consistency Plaintiff herein will make reference to and allude to his arguments in Opposition to Defendants FIGHTMASTER and DCSS, GORMAN, AND SIMON motion to dismiss.

Defendants next claim that Plaintiffs claim against DMV are barred by the applicable statute of limitations. This argument ignores the holding in Bulloch supra as to the operative facts evolving the doctrine of laches. And also ignores Plaintiffs previous arguments concerning fraud upon the court and its effect on the running of the statue of limitations.

Defendants wholly ignores the allegations in Plaintiffs FAC when Defendants argue that Plaintiffs due process allegations have no merit. For example see Plaintiffs responses to the Defendants earlier arguments and note the facts and the case authority already referred to in Plaintiff Opposition to the two other set of Defendants arguments in their Motion to Dismiss.

## CONCLUSION

1.      Plaintiff has demonstrated a prima facie case, wherein there are facts presented and in accordance with relief requested.

2.      Plaintiff has shown it is not proper to dismiss his prima facie case under the Fed.Civ.R 12(b)(1) Motion,

3.      Plaintiff has shown it is not proper to dismiss his prima facie case under the Fed.Civ.R 12(b)(6) Motion.

4.      Defendants Motion to Dismiss 12(b)(1) & 12(b)(6) should be dismissed and Defendant held to answer.

5.      Leave to amend should be granted even if the plaintiff did not request leave, unless it is clear that the complaint cannot be cured by the allegation of different or additional facts.[18]  In determining whether to grant leave to amend a complaint, a district court is guided by Rule 15(a), which states that "leave shall be freely given when justice so requires."[19]

6.      Plaintiff requests that if pleadings have not shown a prima facie case and is correctable by amendment clarifying or adding additional facts, leave of this court to amend is required, or in the alternative, leave for more definite statement.

7.      Plaintiff has stated a claim for which relief can be granted.

July 17, 2017

Respectfully

Mark T Andrews
Plaintiff Pro Se

---

[18] <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995).

[19] <u>Allen v. City of Beverly Hills</u>, 911 F.2d 367, 343 (9th Cir. 1990) (internal quotation marks omitted).