Xavier Becerra
Attorney General of California
MIGUEL A. NERI
Supervising Deputy Attorney General
CHRISTOPHER D. BEATTY
Deputy Attorney General
State Bar No. 250040
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA 94612-0550
  Telephone: (510) 879-3313
  Fax: (510) 622-2270
  E-mail: Christopher.Beatty@doj.ca.gov
*Attorneys for Defendants California Department of
Department of Motor Vehicles; California
Department of Consumer Affairs, including the
Bureau of Automotive Repairs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANDREWS,<br><br>                      PLAINTIFF,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS; SONOMA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES; CALIFORNIA DEPARTMENT OF MOTOR VEHICLES; CALIFORNIA BUREAU OF AUTOMOTIVE REPAIR; LOUISE BAYLESS FIGHTMASTER, IN HER PERSONAL AND OFFICIAL CAPACITY AS THE COMMISSIONER APPOINTED BY THE STATE COURT JUDGES; KIRK GORMAN, IN HIS PERSONAL AND OFFICIAL CAPACITY AS THE ATTORNEY FOR THE DEPARTMENT OF CHILD SUPPORT SERVICES; KATHY SIMON, IN HER PERSONAL AND OFFICIAL CAPACITY AS CASE WORKER FOR CHILD SUPPORT SERVICES; DOES 1 THROUGH 20,<br><br>                      DEFENDANTS. | Case No: 3:17-cv-00252-WHO<br><br>**DEFENDANTS CALIFORNIA DEPARTMENT OF MOTOR VEHICLES'; CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS, INCLUDING THE BUREAU OF AUTOMOTIVE REPAIRS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>Date: August 23, 2017<br>Time: 2:00 PM<br>Courtroom: 2, 17th Floor<br>Judge: Hon. William H. Orrick<br>Trial Date: None Set<br>Action Filed: January 17, 2017 |

## INTRODUCTION

Defendant California Department of Consumer Affairs (including its Bureau of Automotive Repairs) ("DCA") and Defendant California Department of Motor Vehicles ("DMV") (collectively "Defendants") hereby file this Reply to Plaintiff Mark Andrew's ("Plaintiff") late-filed opposition to their motions to dismiss the First Amended Complaint ("FAC").

Originally, the DCA and the DMV filed individual motions to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). The DCA filed its motion on June 7, 2017, because it was served before the DMV. (DCA's Mot. to Dismiss, 06/07/2017, ECF No. 21.) The DMV filed its motion on June 22, 2017. (DMV's Mot. to Dismiss, 06/22/2017, ECF No. 23.) However, the facts, law, and arguments involved in the DCA's and DMV's motions to dismiss are virtually identical. Therefore, the Defendants will reply jointly to the Plaintiff's late-filed opposition.

The Plaintiff's opposition fails to successfully controvert the well-established law that bars his claims. The fatal defects in the FAC cannot be cured through amendment. The court lacks subject matter jurisdiction over the Plaintiff's claims due to a lack of a case or controversy between Plaintiff and moving defendants. Additionally, the Plaintiff cannot state a claim for relief against the Defendants as a matter of law based on the alleged facts in this case. As a result, the Defendants respectfully request that the court dismiss the FAC with prejudice.

## I. THE FAC CANNOT BE AMENDED TO STATE A CLAIM FOR RELIEF AGAINST THE DEFENDANTS AS A MATTER OF LAW

### A. The Plaintiff's Arguments Fail to Controvert the Authorities Cited in Defendants' Motions to Dismiss

The Plaintiff's scattered opposition makes numerous erroneous arguments that show his claims should not survive the Defendants' motions to dismiss. Moreover, the opposition fails to show that the Defendants denied the Plaintiff his constitutional rights during the state court action.

Defendants' motions establish that the *Rooker-Feldman* doctrine deprives the court of subject matter jurisdiction because Plaintiff is simply seeking to re-litigate issues decided in a state-court proceeding. *Noel v. Hall,* 341 F.3d 1148, 1163-1164 (9th Cir. 2003). In response,

Plaintiff contends he did not have an opportunity to argue his claims in state court. (Plaintiff's Oppo. to Mot. Dismiss, 07/19/2017, ECF No. 28, P. 6, ln. 11-12.) However, the FAC admits that Plaintiff contested his license suspensions as unlawful during the state-court action, and the issue was resolved when defendant Fightmaster denied his motion for return of his licenses. (FAC, ¶¶ 21-22, 29.) Plainly, Plaintiff's attempt to re-litigate the lawfulness of his license suspensions in the present action is barred by the *Rooker-Feldman* doctrine.

Plaintiff's next contention, that the Defendants caused his injuries, has no evidentiary basis. As a result, this court lacks subject matter jurisdiction because there is no Article III case or controversy in this case. (Plaintiff's Oppo. to Mot. Dismiss, 07/19/2017, ECF No. 30, p. 6, ln. 16-23.) The FAC contains no allegations demonstrating a connection between the Defendants' acts or omissions and the alleged denial of a fair hearing to review Plaintiff's license suspensions. (FAC, ¶¶ 19-33.) This is intuitively accurate, as Defendants were not parties to the state court action. Moreover, Defendants' issuance of notices of license suspension to Plaintiff was required under state law and not due to any discretionary decision by Defendants. Cal. Fam. Code § 17520 (e)(3). Given Defendants' limited role in the license suspensions, Defendants' actions cannot be connected to the alleged denial of any "fair hearing", and thus the Plaintiff lacks Article III standing to sue Defendants. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-560 (1992) (plaintiff's allegations must detail a causal connection between an alleged injury and defendant's acts or omissions to maintain a case or controversy).

Plaintiff further states that his claims for due process constitutional violations can proceed independently of 42 U.S.C. § 1983. (Plaintiff's Oppo. to Mot. Dismiss, 07/19/2017, ECF No. 30, p. 6, ln. 24-27.) This argument lacks merit because 42 U.S.C. § 1983 constitutes the exclusive platform for asserting federal constitutional claims against state actors. Where Congress has created an adequate remedial mechanism for constitutional violations, additional remedies should not be created. *Schweiker v. Chilicky,* 487 U.S. 412, 423 (1988) (no *Bivens* remedy for improper denial of Social Security disability benefits). For this reason, the Ninth Circuit has held that a plaintiff may not sue a state defendant directly under the federal constitution where § 1983 provides a remedy, even if that remedy is not available to the plaintiff. *Martinez v. City of Los*

*Angeles*, 141 F.3d 1373, 1382 (1998) (Mexican national can not assert *Bivens* theory against state actors to avoid express limitation within § 1983); see also *Azul–Pacifico, Inc. v. City of Los Angeles,* 973 F.2d 704, 705 (9th Cir.1992); *Bretz v. Kelman,* 722 F.2d 503, 504 n. 1 (9th Cir.1983), *vacated on other grounds,* 773 F.2d 1026 (1985) (en banc). When analyzed under 42 U.S.C. § 1983, Plaintiff's constitutional claim against the state defendants fails because a state and its agencies are not persons under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); see also *Williamson v. Indiana University*, 345 F.3d 459, 463 (7th Cir. 2003); ("No cognizable claim under the civil rights statutes can be brought against a state, because it is not a "person" for purposes of those provisions"). The holding in *Will* establishes that Defendants are not subject to suit under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) ("'arms of the State' ... are not 'persons' under section 1983."). As a result, the Plaintiff's allegations against the Defendants have no merit.

Plaintiff's opposition next states that the Eleventh Amendment does not bar his suit, as the FAC includes claims against individuals. Again, this point is considerably off the mark. The individual defendants named in the FAC, are not related to the DCA or DMV. (FAC, ¶¶ 1-8.)

More relevantly, the Eleventh Amendment bars suits against state agencies in federal courts. *Mitchell v. Los Angeles, Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)), *cert. denied*, 490 U.S. 1081 (1989). Recently, Supreme Court decisions have stressed that the Eleventh Amendment protects the "integrity" and "dignity" of the states. *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 39 (1994); *Fed. Maritime Comm'n v. South Carolina State Ports Authority*, 535 U.S. 743, 759-60 (2002). Here, the relief sought by the Plaintiff is expressly barred by the Eleventh Amendment, and the claims within the FAC have no merit against the Defendants.

Plaintiff's opposition also argues that the statute of limitations on his claims have not expired, and thus the doctrines of res judicata and collateral estoppel somehow do not bar his suit. (Plaintiff's Oppo. to Mot. Dismiss, 07/19/2017, ECF No. 29, p. 8, ln. 8-12.) This contention lacks merit because the doctrines of res judicata and collateral estoppel are not affected by the

statute of limitations of the prior claims. *McClain v. Apodaca*, 793 F.2d 1031, 1032-1034 (9th Cir. 1994) (doctrines of res judicata and collateral estoppel bar subsequent litigation of a particular issue, but do not involve consideration of the statute of limitations). Moreover, Plaintiff ignores that his ability to challenge his license suspensions is barred due to his guilty plea to contempt charges regarding the failure to pay child support. *Haupt v. Dillard*, 17 F.3d 285, 288, (9th Cir. 1994) (suit alleging denial of a fair trial estopped where issue of probable cause decided during the allegedly violative criminal action). Plaintiff's present claim, which alleges that he was prevented from raising the legality of his licenses suspensions in state court, is the same claim he extinguished when he pleaded guilty to the contempt charges. (FAC, ¶¶ 20, 27.) The doctrines of res judicata and collateral estoppel thus prevent the Plaintiff from collaterally attacking his state-court guilty plea in this court.

The opposition also contends that the applicable statute of limitations is three years, pursuant to Cal. Code Civ. Proc. § 335, based on a theory of fraud on the court. (Plaintiff's Oppo. to Mot. Dismiss, 07/19/2017, ECF No. 30, p. 7, ln. 9-13.) This point, while irrelevant, is also an admission by plaintiff that his allegations of fraud were not made against the Defendants, who were not participants in the state-court proceeding. (FAC, ¶¶ 27-28.) The only allegations against the Defendants describe their issuance of mandatory notices to Plaintiff during the summer of 2013, informing the Plaintiff of his impending license suspension in June and July 2013, "pursuant to the FC §17520 and DCSS order". (FAC, ¶¶ 16-17.) Therefore, even assuming a three-year statute of limitations was somehow applicable in this case, any claims that arose out of events in 2013 cannot be presented in this lawsuit, as this action was not filed until January 17, 2017. *Jones v. Bock*, 549 U.S. 199, 215 (2007) (if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

Lastly, Plaintiff's opposition fails to demonstrate how the statutorily provided court-review process under California Family Code section 17520 is inadequate as a matter of law. The facts in this case indicate that Plaintiff received all the due process to which he was entitled under the

California Family Code and the federal constitution. As a result, the FAC should be dismissed under Fed. R. Civ. P. 12(b)(6).

### B. The Court's Lack of Subject Matter Jurisdiction and the Plaintiff's Failure to State a Claim for Relief Are Not Excused Due to Plaintiff's Pro Se Status

The Plaintiff's complaint is held to a less strict standard because he is unrepresented. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 (1976). However, the court should dismiss an unrepresented party's complaint when, as here, it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.,* quoting *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957).

With regard to unrepresented parties, the court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). However, "*pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir. 1986). Moreover, there is no general excuse for a pro se plaintiff's missteps in a civil case. *McNeil v. United States,* 508 U.S. 106, 113 (1993).

Here, the central issue is whether Plaintiff is entitled to leave to amend the FAC. Given that the FAC's deficiencies amount to much more than a failure to comply with minor, technical procedural requirements, leave should not be granted. Rather, the FAC fails to comply with significant, substantive legal doctrines that: (1) establish that the court lacks subject matter jurisdiction over Plaintiff's claim; and (2) prevent the Plaintiff from stating a claim for relief. As discussed above, the FAC cannot be amended to cure its fatal defects because the Plaintiff's claims do not have any merit. In these circumstances, allowing an amendment would be a futile act and prejudice the Defendants by forcing them to defend invalid claims. *Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir. 2008) (leave to amend properly denied to prevent undue prejudice or where futile). As a result, the court should dismiss this case with prejudice against the Defendants.

# CONCLUSION

Clearly, the plaintiff can prove no set of facts in support of his claim that would entitle him to relief against the Defendants. For the forgoing reason, the DCA and the DMV respectfully request that this Court dismiss this action against them in its entirety without leave to amend.

Dated: July 31, 2017

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MIGUEL A. NERI
Supervising Deputy Attorney General


/s/ Christopher D. Beatty
CHRISTOPHER D. BEATTY
Deputy Attorney General
*Attorneys for Defendant California Department of Department of Motor Vehicles*

OK2017901208