Kimberly M, Drake, SBN: 209090
JARVIS, FAY, DOPORTO & GIBSON, LLP
492 Ninth Street, Suite 310
Oakland, CA 94607
Telephone: (510) 238-1400
Facsimile: (510) 238-1404
kdrake@jarvisfay.com

Attorneys for Defendant
LOUISE BAYLES-FIGHTMASTER

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANDREWS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS, SONOMA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, CALIFORNIA BUREAU OF AUTOMOTIVE REPAIR, LOUISE BAYLES FIGHTMASTER, KIRK GORMAN, KATHY SIMON, and DOES 1 through 20,<br><br>Defendants. | **CASE NO. 17-CV-00252-WHO**<br><br>**DEFENDANT LOUISE BAYLES-FIGHTMASTER'S SUPPLEMENTAL REPLY BRIEF**<br><br>Date: July 19, 2017<br>Time: 2:00 p.m.<br>Courtroom: 2, 17th Floor<br>Judge: Hon. William H. Orrick<br><br>Action Filed: January 17, 2017 |

Defendant Louise Bayles-Fightmaster hereby submits her supplemental reply to Plaintiff Mark Andrews' late-filed opposition pursuant to the Court's July 25, 2017 Order. See Dkt. No. 31.

## I. INTRODUCTION

In her moving papers, Louise Bayles-Fightmaster, a former Commissioner of the Superior Court of California, County of Sonoma, itemized the First Amended Complaint's substantial flaws. Dkt. No. 13. The plaintiff now has submitted a late-filed opposition (Dkt. No. 28), which this Court has agreed to consider. Dkt. No. 31. Plaintiff's opposition fails to meaningfully refute Commissioner Bayles-

Fightmaster's arguments. Plaintiff does not offer any legal analysis or facts to overcome the motion to dismiss. In addition to highlighting these omissions in the Plaintiff's opposition, Commissioner Bayles-Fightmaster more particularly replies as follows.

## II. ARGUMENT

### A. The Motion to Dismiss Should be Granted

In his opposition, Plaintiff spends considerable energy setting forth his views on pro se pleadings and the standard of review for a motion to dismiss. Dkt. No. 28, pp. 3-6. Although it is true that pro se complaints are to be liberally construed and are held to less stringent standards than formal pleadings drafted by lawyers (*Erickson v. Pardus,* 551 U.S 89, 94 (2007), pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). "A liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey,* 673 F.2d at 268. Here, Plaintiff has not asserted facts, even if taken as true, that are sufficient to state a plausible claim against Commissioner Bayles-Fightmaster for alleged deprivation of a federal statutory or constitutional right. *Howerton v. Gabica,* 708 F.2d 380, 382 (9th Cir. 1983). He has also failed to state a claim that is not otherwise barred by the *Rooker-Feldman* doctrine, absolute judicial immunity, or on other grounds. The First Amended Complaint should therefore be dismissed.

#### 1. The federal court lacks subject matter jurisdiction to hear this matter.

In her moving papers, Commissioner Bayles-Fightmaster has noted that the *Rooker-Feldman* doctrine prohibits federal jurisdiction because Plaintiff seeks the de facto equivalent of review of unfavorable state-court rulings. The *Rooker-Feldman* doctrine prevents federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *See e.g., Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1139 (9th Cir. 2004); *Noel v. Hall,* 341 F.3d 1148, 1163-65 (9th Cir. 2003) (discussing *Rooker-Feldman* doctrine and providing, at p. 1164: "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal

district court."); *Bianchi v. Rylaarsdam,* 334 F.3d 895, 901 (9th Cir. 2003) ("Stated plainly, *Rooker-Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims.") (internal quotations omitted). Although the First Amended Complaint facially asserts alleged constitutional violations, its substance challenges the state court's denial of Plaintiff's motion seeking the release of his licenses. *See e.g., Grimes v. Alameda Cnty. Soc. Servs.,* No. C11-02977 WHA, 2011 WL 4948879, at *3 (N.D. Cal. Oct. 18, 2011). The complaint is, at its core, an appeal of and inextricably intertwined with the state court's decision and an improper collateral attack on its prior rulings. Accordingly, this Court lacks subject matter jurisdiction under *Rooker-Feldman.*[1]

Plaintiff argues that *Rooker-Feldman* does not apply because Plaintiff "did not have a full opportunity to argue his claim on appeal." Dkt. No. 28, at p. 6. Plaintiff does not say what claim he is referring to or why he did not have a fully opportunity to argue his claim on appeal. However, his statement underscores the idea that Plaintiff's lawsuit is a de facto appeal from a disagreeable state court decision.

Plaintiff also argues that the holding of *Universal Oil Products Company v. Root Refining Company*, 328 U.S. 575 (1946), a patent infringement suit, gives this court jurisdiction to "investigate a question as to whether there is a fraud in the procurement of the judgment." Dkt. No. 28, at p. 6. Federal courts are courts of limited jurisdiction. The cited cases do not expand this jurisdiction or confer jurisdiction as Plaintiff suggests. Nor has Plaintiff alleged facts showing "fraud in the procurement of the judgment" or warranting an investigation.

    **2.  Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.**

Plaintiff's suggestion that "corruption" or other unlawful conduct in the state court proceedings prevented him from challenging the legality of the license suspension, or from getting his licenses back earlier than he did (Dkt. No. 28, at p. 7), are barred by the doctrines of res judicata and collateral estoppel. "Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised or could

---

[1] Commissioner Bayles-Fightmaster also raised dismissal of Plaintiff's claims on abstention grounds. Plaintiff does not address this in his opposition.

have been raised' in a prior action." *Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir. 2002) (quoting *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001)). Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties. *Stewart,* 297 F.3d at 956. Under California law, the doctrine encompasses specific matters that are within the scope and related to the subject-matter litigated in the prior suit, even if the issue subsequently raised was not expressly pleaded or litigated in the prior suit. *See Thibodeau v. Crum,* 4 Cal.App.4th 749, 755 (1992). "The reason for this is manifest. A party cannot, by negligence or design, withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable." *Id.* at 755 (citation omitted).

The three elements for res judicata are met here. There is an identity of claims because the grounds supporting Plaintiff's current constitutional claims were raised or should have been raised with Plaintiff's motion seeking the return of his licenses, and again when he pled guilty to three counts of contempt of court to "get [his] licenses back." (FAC, ¶¶ 21-23, 27-29.) There was a final judgment on the merits in the trial court when Plaintiff pled guilty. There is also an identity of parties. Plaintiff cannot re-litigate claims decided against him in the prior state court proceedings. They are barred by res judicata. *See Haupt v. Dillard,* 17 F.3d 285, 288 (9th Cir. 1994).

Plaintiff's claim that he was denied a hearing regarding the license suspension is also barred by collateral estoppel. Collateral estoppel or issue preclusion, applies to "prevent[ ] a party from relitigating an issue decided in a previous action if four requirements are met: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom the collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action." *Kendall v. Visa U.S.A., Inc.,* 518 F.3d 1042, 1050 (9th Cir. 2008) (citation and quotation marks omitted). Collateral estoppel applies because the four requirements are met. Plaintiff's licenses were admittedly suspended for failing to make court-ordered child support payments. (FAC, ¶¶ 17-28.) Plaintiff challenged the propriety of the suspension by motion. (FAC, ¶ 17-28.) The court denied the motion. Plaintiff subsequently pled guilty to contempt of court for failing to pay court-

Defendant Bayles-Fightmaster's Supplemental Reply Brief             Case No. 17-CV-00252-WHO

1  ordered child support. (FAC, ¶¶ 27-28.)  The court ordered that his licenses be released. (*Id.*)  Plaintiff
2  had a full and fair opportunity to litigate the propriety of the license suspension in the trial court.  The
3  guilty plea was a final judgment and undermines Plaintiff's allegations that the license suspension was
4  unlawful.  Plaintiff is also the party against whom collateral estoppel is asserted.  Plaintiff may not now
5  re-litigate the same issues that were decided against him in the earlier child custody proceeding.

### 3. Plaintiff's claims are barred by absolute judicial immunity.

Commissioner Bayles-Fightmaster, who is sued in her role as Commissioner for the Superior Court, has raised absolute judicial immunity in response to Plaintiff's claims. *Pierson v. Ray,* 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under § 1983).  A state court judge is absolutely immune from civil liability for damages for acts performed in her judicial capacity and will not be deprived of that immunity because the action she took "was in error, was done maliciously, or in excess of [her] authority[.]" *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978) (citing *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 351 (1872)); *see also Mireles v. Waco,* 502 U.S. 9, 11 (1991) (judicial immunity is not overcome by allegations of bad faith or malice); *Sadorski v. Mosley,* 435 F.3d 1076, 1079 n.2 (9th Cir. 2006) (mistake alone is not sufficient to deprive a judge of absolute immunity).  Plaintiff's claims asserted against Commissioner Bayles-Fightmaster arise out of a September 18, 2013 ruling she made in adjudicating Plaintiff's case at the trial level.  The actions of Commissioner Bayles-Fightmaster are protected from Plaintiff's claims by absolute judicial immunity.  Plaintiff does not allege or offer any facts showing that immunity is lost.  The *Bulloch* and *Owen* cases he cites are also inapplicable and presented without legal analysis or argument. Dkt. No. 28, at pp. 6-7.  Plaintiff's claims against Commissioner Bayles-Fightmaster are barred as a matter of law and must be dismissed.

### 4. Plaintiff's claims are barred by the Eleventh Amendment.

In her moving papers, Commissioner Bayles-Fightmaster has noted that she is a state employee who has Eleventh Amendment immunity from suit in this forum. *Flint v. Dennison,* 488 F.3d 816, 824-825 (9th Cir. 2007); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 121 (1984) ("a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment.").  This immunity is a complete bar to the Plaintiff's damages claims.  Plaintiff's opposition does not offer any facts or legal basis suggesting otherwise.

Plaintiff asserts that Commissioner Bayles-Fightmaster "failed to perform her judicial functions," and that "the impartial function of the court [has] been directly corrupted." Dkt. No. 28, at p. 6. These are legal conclusions devoid of specific facts. Plaintiff's own facts also confirm that Commissioner Bayles-Fightmaster is being sued for carrying out her judicial function because he complains solely about her rulings in his case and her denial of his motion. The claims asserted against her in her official capacity are barred by the Eleventh Amendment.

**5.    Plaintiff's claims are barred by the applicable statute of limitations.**

Commissioner Bayles-Fightmaster has noted that Plaintiff's claims are barred by the 2-year statute of limitations applicable to personal injury actions. Plaintiff argues there was "fraud in the procurement of the judgment," and appears to be arguing that the 3-year statue of limitations for fraud should apply. Dkt. No. 28, at p. 7. The claim that there was "fraud in the procurement of the judgment" is a legal conclusion devoid of specific facts. The claim is contradicted by other allegations in the First Amended Complaint. Plaintiff also has not sufficiently alleged that Commissioner Bayles-Fightmaster caused him to be deprived of a constitutional right to state a claim under § 1983. *Howerton, supra,* 708 F.2d at 382. Even assuming Plaintiff could state a cause of action for fraud and a 3-year statute of limitations applied, moreover, Plaintiff's First Amended Complaint is still barred by the applicable statute of limitations. According to the pleadings, Commissioner Bayles-Fightmaster wrongfully denied his September 13, 2013 motion seeking the return of his licenses. (FAC, ¶¶ 21-23.) At that time, Plaintiff knew or had reason to know of the injury which is the basis of this action. Yet Plaintiff did not file his complaint until January 17, 2017, which is after expiration of the 3-year statute of limitations. Since Plaintiff can prove no set of facts that would establish the timeliness of his claims against Commissioner Bayles-Fightmaster, his claims should be dismissed.

**6.    Plaintiff fails to state a plausible claim upon which relief may be granted.**

Commissioner Bayles-Fightmaster has noted that there are no allegations in the First Amended Complaint that are sufficient to support a claim under 42 U.S.C. § 1983 against her. In his opposition, Plaintiff argues that Commissioner Bayles-Fightmaster "failed to perform her judicial function" and "caus[ed] the impartial function of the court to be directly corrupted." Dkt. No. 28, at sp. 7. He also repeats his generalized allegations of "fraud." *Id.* at pp. 6-7. However, these are legal conclusions

Defendant Bayles-Fightmaster's Supplemental Reply Brief                                Case No. 17-CV-00252-WHO

devoid of specific facts. Nothing in the pleading prompts an inference that Commissioner Bayles-Fightmaster's actions were contrary to law or that she acted outside of her official role. Nor can it reasonably be said that she acted to abridge any of the Plaintiff's federally-protected rights. In addition, there are no facts establishing what Commissioner Bayles-Fightmaster did or did not do that allegedly amounted to "fraud," or how any judgment referred to in Plaintiff's pleadings was procured by fraud or the result of a "fraud on the court." Plaintiff's allegation that he was denied a hearing is also contradicted by other allegations in the First Amended Complaint that there were hearings and that the Court ruled on a motion brought by Plaintiff seeking return of his licenses. (FAC, ¶¶ 21-23, 25, 27, 29.) Thus, Plaintiff fails to state a plausible § 1983 claim against Commissioner Bayles-Fightmaster and his First Amended Complaint against her should be dismissed. *See e.g., Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002).

### 7. Plaintiff fails to state a tort claim under California law.

Commissioner Bayles-Fightmaster also noted in her moving papers that Plaintiff, in addition to failing to state a claim under § 1983, has failed to sufficiently allege a claim for damages under state law because he has not alleged facts showing compliance, or excuse from compliance, with claim presentation requirements under the Government Claims Act. Plaintiff's opposition does not make any mention of this requirement. Plaintiff also does not offer any facts showing compliance or excuse from compliance. Any alleged tort claims under state law are therefore barred as a matter of law and should be dismissed.

### B. Leave to Amend Should be Denied

If there is strong evidence that amendment would be futile, a court should dismiss the complaint without leave to amend. *See Sonoma County Ass'n of Retired Employees v. Sonoma County,* 708 F.3d 1109, 1117 (9th Cir. 2013); Fed. R. Civ. P. 15. In determining the futility of amendment, the court should examine whether the complaint could be amended to cure the defect "without contradicting any of [the] original complaint." *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990). Plaintiff's First Amended Complaint and late-filed opposition make plain that amendment would be futile. The claims are implausible. Amendment of the pleadings would not cure the jurisdictional defect or bar to suit based on judicial immunity. Leave to amend should not be allowed.

Defendant Bayles-Fightmaster's Supplemental Reply Brief   Case No. 17-CV-00252-WHO

### III. CONCLUSION

For all the foregoing reasons, this Court should grant Commissioner Bayles-Fightmaster's motion to dismiss without leave to amend.

JARVIS, FAY, DOPORTO & GIBSON, LLP

Dated: August 1, 2017      By: /s/ .
    Kimberly M. Drake
    Attorneys for Defendant
    LOUISE BAYLES-FIGHTMASTER

# CERTIFICATE OF SERVICE

I, the undersigned, declare as follows:

I am a citizen of the United States and employed in the County of Alameda; I am over the age of eighteen years and not a party to the within entitled action; my business address is Jarvis, Fay, Doporto & Gibson, LLP, 492 Ninth Street, Suite 310, Oakland, California 94607.

On August 1, 2017, I served the within:

**DEFENDANT LOUISE BAYLES-FIGHTMASTER'S SUPPLEMENTAL REPLY BRIEF**

(X) (By First Class Mail) I caused this envelope, with postage thereon fully prepaid, to be placed in the United States mail to be mailed by First Class mail at Oakland, California, to:

**Mark T. Andrews**
**3436C Mendocino Avenue**
**Santa Rosa, CA 95403**

*Plaintiff in pro per*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 1, 2017, at Oakland, California.

                                        /s/
                                  Chelsea L. Torres